[No. 5015.]

## L. HARTMAN *v.* A. OLVERA.

PROCEEDINGS AGAINST GARNISHEE.—When the garnishee denies that he is indebted to the judgment debtor, neither the referee nor the court has power to compel him to pay to the sheriff the amount of his alleged indebtedness, but the court may enter an order authorizing the judgment creditor to institute an action against the garnishee to determine the question of indebtedness.

APPEAL from the District Court, Seventeenth Judicial District, County of Los Angeles.

The facts are stated in the opinion.

*H. P. Irving*, for the Appellant.

*L. Hartman*, in person.

By the COURT:

The plaintiff having brought an action on a money demand against the defendant, Olvera, caused an attachment to issue, under which Luco & Allison were summoned as garnishees. Having subsequently obtained a judgment against Olvera, the plaintiff caused an execution to issue, which was placed in the hands of the sheriff, and while it was in force Luco & Allison were again summoned as garnishees under the execution, and thereupon, on motion of the plaintiff, the court entered an order appointing a referee, and directed the garnishees to appear before him to answer concerning their indebtedness, " and abide by and perform such order as said referee may make in the premises." At the hearing before the referee the garnishees appeared and were examined on oath, and both of them, on said examination, denied that they were indebted to Olvera. But from their testimony, together with other evidence taken at the hearing, the referee decided that they were indebted to him in a large sum, and thereupon entered an order directing the garnishees to pay to the sheriff, within a specified time, the sum so found to be due, and in default thereof that the plaintiff be entitled to an execution against them. Thereupon the garnishees moved the court to vacate the order appointing the referee, and also the report and order of the referee, and at the same time the plaintiff moved the court to confirm the report and order. On the hearing, the court denied the motion of the garnishees, and granted the plaintiff's motion, and directed an execution to issue against the garnishees, for the sum found by the referee to be due. From this order the garnishees appealed.

Section 720 of the Code of Civil Procedure provides, in this class of cases, that " if it appear that a person or corporation, alleged to have property of the judgment debtor, or to be indebted to him, claims an interest in the property adverse to him, or denies the debt, the court or judge may

authorize, by an order made to that effect, the judgment creditor to institute an action against such person or corporation for the recovery of such interest or debt," and in the mean time may restrain the transfer or other disposition of the property or debt. This section is substantially identical with section 244 of the former Practice Act; and in construing that section, we held in *Parker* v. *Page* (38 Cal. 522), that if the garnishee, on his examination, denies the indebtedness or claims the property in his possession adversely to the judgment debtor, the court may authorize the judgment creditor to institute an action against the garnishee to determine the question at issue, and in the meantime may restrain the transfer or other disposition of the property or debt, *pendente lite*, and that this was the only remedy in such cases. But we held on the peculiar facts of that case, that the answer of the garnishee could not be deemed a denial of his indebtedness to the judgment debtor, and while in some sense a denial in form, was not so in substance, and in fact. Under a simular statute in New York, the same ruling was made in *Town* v. *The S. Insurance Company of New York* (4 Bosw. 683); and the court held, that if property was in the possession of the garnishee claiming title to it, "no matter how fraudulent the transfer, no order can be made to compel him to deliver the property, and, therefore, no questions can be put to the debtor or a witness, to discover or prove the fraud. * * * The remedy of the creditor is by direct action against the fraudulent assignee, where the good faith of the assignment is in issue." There can be no question that this is the proper construction of the statute; and it results that when the garnishees explicitly denied on their examination their indebtedness to the judgment debtor, neither the referee nor the court had the power to compel them to pay over to the sheriff the amount of the alleged indebtednesss. But the court might have entered an order authorizing the plaintiff to institute an action against the garnishees to determine the question of indebtedness. For this error the order appealed from must be reversed and the cause remanded; and it is so ordered.