[No. 7,299.—Department Two.]

## THE HIBERNIA SAVINGS AND LOAN SOCIETY *v.* THE SUPERIOR COURT OF INYO CO.

GARNISHMENT—JUDGMENT—JURISDICTION.— A person ordered under § 717 of the Code of Civil Procedure to answer concerning property of the defendant alleged to be in his possession, or for indebtedness alleged to be due from him to the defendant, may be punished for contempt for disobeying the order; but a judgment by default cannot be taken against him, and such a judgment is without jurisdiction, and void.

CERTIORARI to the Superior Court of Inyo County. HANNA, J.

The plaintiff was garnished under an execution issued out of the Superior Court of Inyo County, upon a judgment rendered in a Justice's Court and filed in the Superior Court, in favor of *Waterman & O'Brien* v. *Garcia ;* and an order was made and served upon it, requiring it to appear and answer on a specified day concerning property of the defendant in the execution alleged to be in its possession; and failing to appear, judgment was entered against it.

*Tobin & Tobin*, for Plaintiff.

*Reddy & Conklin*, for Respondents.

THORNTON, J.:

Application for a writ of review. The Court is of opinion that the judgment against the plaintiff, referred to in this case, is void. No judgment can be rendered against a corporation upon such a proceeding as was taken against the plaintiff, without an examination. There can be no judgment by default, as the statute does not allow such judgment. (§§ 719, 720, Code Civ. Proc.) If the party summoned refuses to attend, he may be compelled by the Court, and punished for contempt for disobeying the order. If the corporation or person alleged to have property of the judgment debtor, or be indebted to him, claims an interest in the property adverse to him, or denies the debt, the Court or judge can only authorize an action by the judgment creditor against such corporation or person. In such case, no judgment can be rendered by the Court issuing

the order for the alleged indebtedness.    (Code Civ. Proc. § 720; *Hartman* v. *Olvera*, 51 Cal. 502.)

Inasmuch as there is no appeal, the amount in controversy being less than $300, and no plain, speedy, and adequate remedy, the case is a proper one for the writ to issue; and the judgment of this Court is, that the judgment of the Court below be and is hereby annulled, that any further proceeding may be conducted according to law.

SHARPSTEIN, J., and MYRICK, J., concurred.