[Sac. No. 646.   Department One.—October 26, 1900.]

WALTER W. BYRNE et al., Appellants, v. B. McGRATH, Respondent.

130   316
187   642
130   316
147   256

ESTATES OF DECEASED PERSONS—TRUST FUND—IDENTITY—PRESENTATION OF CLAIM.—Where a trust fund held by a deceased person is susceptible of identification, the trust may be enforced without the presentation of a claim against the estate; and it is only where the trust fund cannot be identified that the presentation of a claim against the estate, within the time limited by law, is essential.

ID.—TRUST FUND CREATED BY WILL—INVESTMENT IN DRUG BUSINESS—IDENTIFICATION OF FUND—FINDING AGAINST EVIDENCE.—In an action to enforce a trust against the estate of a deceased husband, created under the will of his deceased wife, for the support, maintenance, and education of their children, evidence showing that he received two thousand five hundred dollars from her estate as trustee thereof, and added thereto five hundred dollars intended as an

advance for the children, and invested the whole in a drug store and business, which he conducted until his death, sufficiently establishes the identification of the trust fund, and a finding that neither the property purchased nor the proceeds thereof were traced and identified as constituting the trust fund is against the evidence.

ID.—EFFECT OF ADVANCE MADE BY HUSBAND—INTENTION—PROPORTIONATE INTEREST—MINGLING OF FUNDS—ACCESSION TO TRUST FUND.—The effect of the money advanced by the husband, though not passed upon in the findings, could not, in any aspect, materially affect the identity of the trust fund. The evidence was sufficient to support a finding that it was intended as an advance to the children; but if it were otherwise, he could have only a proportionate interest in the fund, and if he mingled his money with the trust fund, it would become part of it by accession.

ID.—ACCOUNTING AT DEATH OF HUSBAND—BALANCE OF FUND—REPAYMENT OF ADVANCE.—The advance by the husband cannot be material, where the evidence shows that upon an accounting of the business at his death the balance would be largely against him, after deducting and repaying all money advanced by him.

ID.—IDENTITY OF DRUG STORE AND BUSINESS—CHANGE OF MATERIALS—PERMANENT ENTITY.—The question of identity of the trust fund invested in the drug store does not relate to the specific items of stock, fixtures, etc., constituting the store at the time of the purchase, but relates to the drug store or business regarded collectively as a thing or entity, distinct from the mutable and transitory materials belonging to the concern, which collective thing constituted the trust fund and remained the same, though the materials, like the particles of water in a river, were continually changing.

ID.—RIGHTS OF BENEFICIARIES AGAINST ESTATE—CREDITORS OF DECEASED. The beneficiaries of a trust fund held by a deceased person, which is satisfactorily identified, may enforce it against the administrator; and the creditors of the deceased who merely loaned him their money on the fictitious credit of the trust fund held by the deceased cannot successfully resist an action to enforce the trust.

ID.—LIMITED TRUST NOT TERMINATED—APPOINTMENT OF TRUSTEE.—The limited trust created by the will of the deceased wife for the maintenance, support, and education of the children did not terminate upon the death of the husband; and in enforcing the trust against the estate upon their suits, another trustee will be appointed to take charge of the trust fund, as successor to the deceased.

ID.—TRUST LIMITED TO LIVES—REMAINDER UNDISPOSED OF—SUCCESSION.—The trust so created under the will of the deceased wife cannot extend beyond the lives of the children; and the remainder, not being disposed of by her will, passed by intestate succession, one-third to the father and two-thirds to the children.

APPEAL from a judgment of the Superior Court of Nevada County and from an order denying a new trial. F. T. Nilon, Judge.

The facts are stated in the opinion of the court.

Alfred D. Mason, for Appellants.

A. J. Ridge, for Respondent.

THE COURT.—Appeal from judgment for defendant, and from order denying plaintiffs' motion for new trial. The appeal from the judgment was taken more than six months after the entry of judgment, and must be dismissed. The cause was before this court on a former appeal (*Byrne v. Byrne*, 113 Cal. 294), and is thus stated in the report of the case:

"Plaintiffs, who are the children of Michael Byrne, Jr., deceased, commenced this action against the administratrix of his estate and the creditors thereof, seeking a decree that certain property which had come into the possession of the administratrix as the property of the estate was in fact held by their father as trustee in trust for them. . . . . The estate of Michael Byrne, Jr., is admittedly insolvent, and the defendants in interest are creditors of his estate with allowed claims. Plaintiffs, having failed to present their claims against the estate within the time contemplated by law, are here seeking to follow, and claim to have followed, and the court finds they did follow, the specific property of the trust through its mutations in form."

On the former appeal—which resulted adversely to the defendant—there were several errors of law that do not occur in the present record. There is, also, now additional evidence which, it is claimed by appellant, establishes the trust and the identity of the trust fund. There is also another important difference between the case as then and as now presented. On the present appeal many of the facts relied upon by the appellant are specifically found by the court, and on this appeal must be accepted as true.

The case as found by the court is in effect as follows: Plaintiffs and defendant Mary F. Byrne are the children of the deceased, Michael F. Byrne, Jr., and of Mary E. Byrne. The

mother died January, 1878, leaving a will, which was duly pro-
bated, wherein she appointed her husband executor and de-
vised and bequeathed him in trust, for the support, maintenance,
and education of the children, all her property, real and per-
sonal. Byrne accepted the trust, and as trustee came into pos-
session of two thousand five hundred dollars as part of the
trust fund; and on the thirty-first day of December, 1883, in-
vested this sum, with five hundred dollars of his own, in the
purchase of "the personal property particularly described in
subdivision 4 of said amended complaint," taking the title in
his own name, the property so purchased and described con-
sisting of a drug store, stock, fixtures, etc., in the town of
Grass Valley.

But the court found, in effect, that neither the personal prop-
erty so purchased nor the proceeds thereof were traced and
identified by the evidence.

The sole question in the case is as to the sufficiency of the
evidence to support the finding last cited. The same question
is therefore presented as in the former case, viz.: "Whether
or not plaintiffs [have] followed the trust fund in its mutations,
and have sufficiently identified it to avoid the rule laid down
in *Lathrop v. Bampton*, 31 Cal. 17,[1] which places the bene-
ficiary who is unable so to follow the trust funds in the posi-
tion of a general creditor of the estate." But as it is now
found that the original trust fund was invested in the property
described in the complaint, the question will relate only to
the proceeds of the trust property.

In addition to the facts found, the following facts appear
from the evidence: The business was carried on in the same
location by Byrne at a profit of from one hundred and seventy-
five to two hundred dollars a month, until his death, December
7, 1887, at which time, as appears from the petition of the ad-
ministratrix, it was worth five thousand dollars. It was after-
ward carried on at a loss by the administratrix until it was sold
for seventeen hundred dollars. The trust was always ac-
knowledged by Byrne. The court does not find whether the
five hundred dollars used in the purchase by Byrne was in-

---

[1] 89 Am. Dec. 141.

tended by him as an advance to the children, or as an invest-
ment on his account. But the circumstances of the purchase
of the drug store as detailed by Mrs. Meeks, and his own dec-
larations to his children, and to Mr. Kitts, his attorney, in-
dicate that the former was the case; and, on the evidence,
we think the court should have so found. Nor, were it other-
wise, would the case be materially affected. The investment
of the five hundred dollars on his own account would simply
have given to Byrne a corresponding undivided interest in the
concern; or if this should be considered as a mingling of the
trust property with that of Byrne, the whole, on the principle
of accession, would have belonged to the trust fund. (Civ. Code,
sec. 1025 et seq.) It does not appear that any money of his
own was subsequently put into the business by Byrne; but from
the fact that the store was always a paying concern, and from
his narrow circumstances as detailed by Kitts, the contrary is
most probable. Were it otherwise—upon the principle already
cited—the property thus mingled with the trust fund would
have become part of it. (Civ. Code, sec. 1025 et seq.) It is
also clear from the evidence that the advance of five hundred
dollars originally made by him, and other advances, if any,
have been in fact repaid, and that on an accounting at the
death of Byrne the balance would have been largely against
him.

The question of identity does not relate to the specific items
of stock, fixtures, etc., constituting the drug store at the time
of the purchase, but to the drug store itself, which is to be re-
garded collectively as a thing or entity, or, as it would be called
in the civil law, a *universitas rerum*. (Mackeldy's Roman Law,
secs. 159, 162.) The material things belonging to the concern
did not constitute the collective thing or *universitas* spoken of as
the drug store or business, but were only mutable and transitory
parts of it. It was this that constituted the trust fund in ques-
tion, which was something different from the material things mo-
mentarily constituting it and remained the same, though these,
like the particles of water in a river, were continually changing.
At the time of the sale, therefore, "it was [still] the identical
property originally covered by the trust." (*Orcutt v. Gould*, 117
Cal. 316.) "The identity of a trust fund consisting of money

(it is said in the case cited), may be preserved, so long as it may be followed and distinguished from all other funds, not by identifying the individual pieces or coins, but by showing a separate and independent fund or value readily distinguishable from all other funds." And *a fortiori* is this true when the fund consists not of money, but of tangible and distinguishable items of property. The case is, therefore, not a case of the conversion of the trust fund into another species of property, but of a clearly identified fund that has retained its original form and essence. Indeed, it is in effect so found. For the finding is that the trust money was invested in the property described in subdivision 5 of the complaint, which refers unequivocally to the property as it existed at the time of the sale, and thus identifies it as it then stood with the property as originally purchased. The subsequent finding of the court to the contrary must be regarded as the result of an erroneous theory as to what the property to be identified was; that is to say, to the error that the trust property consisted of the chattels momentarily constituting the fund at the time of the purchase, and not of the fund itself.

As between the deceased and the plaintiffs the rights of the latter are manifest; nor is there any question here as to the rights of creditors of the concern. The respondent is merely a general creditor of the estate, who loaned money to the deceased in his lifetime. Possibly his (Byrne's) apparent ownership of the property in question gave him a fictitious credit; but if the property in question was originally the property of the plaintiffs, and if—as it now is—it has been identified, he has no equities superior to theirs. The sole question, therefore, is as to the sufficiency of the identification of the trust fund; and as in our opinion this has been satisfactorily made out, the order denying the plaintiffs' motion for a new trial must be reversed.

Some directions will, however, be necessary with reference to the further proceedings. The suit was brought upon the theory that upon the death of Byrne, the trustee, the trust ceased and the trust fund became equitably vested in the children. But by reference to the will it will be seen that the property was not devised in trust for the children generally,

but merely in trust for their "maintenance, support, and education." The trust, therefore, cannot extend beyond their lives; and it follows that the remainder was undisposed of by the will, and passed by intestate succession one-third to the father and two-thirds to the children. (Civ. Code, sec. 1386, subd. 1.) It will be proper, therefore, for the court to appoint a trustee to take charge of the trust fund as successor to the deceased.

The order appealed from is reversed and the cause remanded for new trial and further proceedings in accordance with the above opinion.