[Civ. No. 5402.   Second Appellate District, Division Two.—November 6, 1926.]

G. CAVAGLIERI MORTGAGE CO. (a Corporation), Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

[1] ATTACHMENTS—DENIAL OF INDEBTEDNESS—ORDER TO PAY MONEY —JURISDICTION — CONTEMPT. — Where the garnishee denies that it is indebted to the attachment debtor, such denial is conclusive on the court out of which the attachment issued, and that court has no power to make an order directing a payment of money or a delivery of property by the garnishee to the sheriff, but can only authorize suit against the garnishee for the purpose of procuring an adjudication of the question of indebtedness or no indebtedness; and an order of said court directing said garnishee to pay a sum stated to the sheriff is invalid, and said garnishee cannot be punished for contempt for noncompliance with such order.

---

(1) 13 C. J., p. 14, n. 17; 28 C. J., p. 300, n. 6, p. 304, n. 57.

1. See 13 Cal. Jur. 19.

PROCEEDING in Prohibition to prevent the Superior Court of Los Angeles County, and William C. Doran and Albert Lee Stephens, Judges thereof, from punishing petitioner for contempt. Peremptory writ issued.

The facts are stated in the opinion of the court.

E. Burton Ceruti for Petitioner.

Andrew J. Copp, Jr., for Respondents.

WORKS, P. J.—The petition in this proceeding alleges, among other things, that respondent Pacific Ready-Cut Homes, a corporation, brought suit in respondent court against Malcolm Smith Company, a corporation, for the purpose of recovering a certain sum of money; that in that action the plaintiff procured a writ of attachment and served it upon petitioner, together with a notice requiring petitioner "to pay over or transfer any personal property belonging to the defendant Malcolm Smith Company," and requiring petitioner "to make return of the amount of said property in its possession"; that thereupon petitioner returned "that it had no property belonging to the defendant Malcolm Smith Company," but that it did "have an open account with one Malcolm Smith, an individual"; that thereafter petitioner was again served with a writ of attachment in the action and with a notice "that all personal property in its possession . . . due, owing or belonging to or owned by Edwin R. Rockwell Company, but belonging to the defendant, Malcolm Smith Company, was attached, and requiring said garnishee company to state in writing the amount of the same"; that petitioner thereupon made return that "it is not indebted to said defendant, Malcolm Smith Company, nor has this corporation in its possession or under its control any moneys or other personal property due, owing or belonging to or owned by Edwin R. Rockwell Company, a corporation, but, or, belonging to the defendant, Malcolm Smith Company, a corporation. This corporation further states that it has purchased from one Malcolm Smith, an individual, a certain promissory note in the sum of $110,000, executed by Edwin R. Rockwell Company, a corporation, in favor of Malcolm Smith, which said note was

assigned by said Malcolm Smith to this corporation, the consideration therefor to be paid to the assignor subject to and in accordance with, the terms of a certain contract between said Malcolm Smith and this corporation''; and that thereafter respondent Doran made an order reciting that it had appeared that petitioner, at the time of the service of the writ of attachment, had ''in its possession and under its control the sum of $17,895.00, the property of Malcolm Smith Company, a corporation, and same is capable of manual delivery'' and commanding petitioner ''forthwith to pay to sheriff of the County of Los Angeles'' the sum named ''subject to the further order or orders of this Court appertaining thereto.'' It further appears from the petition that petitioner has not complied with this order; that petitioner has been cited to show cause, by its president, why it, by and through its president, should not be punished for contempt of court for its noncompliance with the order; and that respondent court, unless it be restrained, will punish petitioner and its president for contempt. Upon the allegations of the petition we issued an alternative writ of prohibition.

The answer of respondents alleges in part that after petitioner had been served with the writ of attachment ''and had made answer thereto, denying that it had in its possession or under its control any money or property or thing in action owing to or belonging to the defendant, Malcolm Smith Company,'' such proceedings were had that petitioner was cited before respondent court to answer concerning the same matters; that the citation was based upon an affidavit in which it was alleged, in part, that after the service of the writ of attachment petitioner filed its return ''alleging and claiming that it had no moneys or personal property, of any description or character, in its possession, belonging to the defendant, or in which said defendant had any interest''; and that at the hearing held pursuant to the citation the president of petitioner testified *''that petitioner had* in its possession and under its control the sum of . . . $17,985.00 owing and belonging to the defendant, Malcolm Smith Company, a corporation, and at the time of the service of the writ of attachment . . . it had said . . . money in petitioner's possession and under its control, which belonged to and was the property of the *defendant, Malcolm Smith*

79 Cal. App.—42

*Company."* The italics at the beginning and end of this quotation are ours and they are employed for convenience, as will hereafter appear.

The petition and the answer thereto are of considerable length. In order to avoid a reference for the purpose of determining the issues raised by them, petitioner and respondent were able to enter into a stipulation settling the facts involved in the proceeding. The stipulation was to the effect that the "allegations of fact of the petition and of the answer herein" are true, with the exception of the allegation of the answer above quoted and beginning and ending with our italics, and that "as to such statement, the testimony was that it had such sum payable to Malcolm Smith," under a certain contract.

[1] It appears from the record, then, that in making return to the garnishment petitioner denied that it was indebted to the Malcolm Smith Company and that it has persisted in that denial to the end. The stipulation between the parties will bear no other construction. It is undoubtedly the law that, where a garnishee makes such a denial as was made by petitioner here, the denial is conclusive and the court out of which the attachment issues has no power to make an order directing a payment of money or a delivery of property to the sheriff, but can only authorize suit against the garnishee for the purpose of procuring an adjudication of the question of indebtedness or no indebtedness (Code Civ. Proc., secs. 719, 720; *Hartman* v. *Olvera,* 51 Cal. 501; *William Deering & Co.* v. *Richardson-Kimball Co.,* 109 Cal. 73 [41 Pac. 801]). The principal questions presented by respondents here are those which are cognizable only in such an action. The order of respondent court requiring petitioner to pay the sum named to the sheriff was therefore invalid and petitioner was not bound to obey it.

A peremptory writ of prohibition will issue as prayed.

Craig, J., and Thompson, J., concurred.