[Civ. No. 4421. Third Appellate District.—November 17, 1931.]

F. E. CARLIN, Appellant, v. C. E. MASTEN et al., Defendants; SCOTTISH UNION AND NATIONAL INSURANCE CO et al., Interveners and Respondents.

374

Rich & Weis for Appellant.

Robert L. Levy for Respondents.

PLUMMER, J.—The interveners in this action had judgment, from which judgment the plaintiff appeals.

The action was begun by the plaintiff against C. E. Masten and James A. Long, doing business as copartners, to recover the sum of $732.57 alleged to be due from said defendants to the plaintiff. Following the filing of the complaint a writ of attachment was issued under and by virtue of which the sum of $558.59, theretofore deposited by C. E. Masten in the Savings Bank of Sutter County, was garnisheed by service of said writ and notice upon said bank. The interveners thereupon filed a third party claim with the sheriff of Sutter County, and also filed a petition in intervention in this action, setting forth that the sum mentioned was money collected by C. E. Masten on account of insurance policies issued by the interveners.

The testimony shows, and the court found, that C. E. Masten was the agent of all of the interveners, acting

severally and not jointly, and that the money on deposit in the bank was solely and exclusively money which he had collected for and on account of the insurance policies, as aforesaid, and which money belonged to the interveners.

It further appears from the testimony that C. E. Masten, while acting as the agent for the several insurance companies, collected premiums upon insurance policies, and also collected rents for different persons (not involved in this action), and deposited the money so collected in his own name in the Savings Bank of Sutter County. That from the money so deposited he paid to the persons for whom he had collected rent the amount to which they were entitled and also from time to time paid to the insurance companies represented by him the amounts to which they were severally entitled. No moneys belonging to Masten individually were deposited in the fund just referred to, nor were any checks drawn by him against said fund to pay for any of his private indebtedness or living expenses. The fund created by such deposits was drawn upon only to pay the persons or companies for whom he had collected money. Upon the trial it developed that none of the moneys on deposit belonged to any of the persons for whom Masten had collected rent, but the whole thereof belonged to the interveners in this action. The trial court filed a written opinion in which appears the following statement, which seems to us to be amply sustained by the testimony, to wit: "I think the evidence in this case discloses that the money on deposit in the bank and the subject of this action, belongs to the Insurance Companies, interveners herein. It represents 'premiums collected from the insured by Mr. Masten, the agent of the companies'. It was his custom to collect these premiums for the Companies when due, place them to his credit in the bank, and forward by his check to the several companies. . . . The fact that he handled the affairs of the companies in this way did not divest the companies of their ownership of the moneys so deposited. . . . " The findings of the court are in accordance with the views expressed in the above quotation.

Upon this appeal it is urged that there is a misjoinder of parties as interveners, and that the respective amounts due the interveners are not stated. An inspection of the record discloses that no demurrer was filed, and

that no objection was taken to the complaint in intervention by the plaintiff's answer thereto. Section 430 of the Code of Civil Procedure, subdivision 4, provides for taking advantage of any defect in this particular if it appears upon the face of the complaint. Section 433 of the Code of Civil Procedure permits the taking advantage of such defects by answer in the event that such defect does not appear upon the face of the complaint. Section 434 of the Code of Civil Procedure sets forth that if no objection is taken either by demurrer or answer, the defect is waived.

■ Again, it is objected that the form of the action does not permit recovery on the part of the interveners. Section 307 of the Code of Civil Procedure specifies that there is only one form of civil action for the protection of private rights. As against the defendant in this action we think the text of section 14 of 17 California Jurisprudence, 618, applies: *"Assumpsit* for money had and received is the proper remedy to recover money in the hands of the defendant which he admits belongs to the plaintiff, and which he has promised to pay. It will lie to recover money collected by the defendant which belongs to the plaintiff, but has not been paid over to him; money received and held by the defendants as trustees for the plaintiff," etc. As we have said, no objection to the form of the action was taken by the plaintiff. The relationship existing between the bank and Masten is not involved in this action, and therefore we need not consider cases bearing upon that question. ■ Only one question is involved: Did the deposit of money by C. E. Masten, of the premiums collected by him, transmute the ownership of the moneys so deposited as to render it liable under garnishment proceedings or attachment proceedings, and liable to be taken in payment of debts owing third persons? The appellant insisting that the moneys collected were so commingled by Masten as to render them so liable, places his reliance upon the case of the *Estate of Arms,* 186 Cal. 554 [199 Pac. 1053, 1055], quoting from page 561 as follows: "When property, with the consent of the trustor, has been in that manner commingled with the property of the trustee so that no part of it can be definitely traced and segregated from that held by the trustee or identified as a part of any specific fund or property, none of it can be considered as the property of

the trustor. The right of pursuing it fails when the means of ascertainment fails. This is likewise the case where the subject matter is turned into money and mixed and confounded in the general mass of property of the same description. Where the identity cannot be traced, the trustor is forced to rely upon the personal liability of the trustee. He has no special lien upon the general estate of the trustee which is separate to that of any other creditor, and his only remedy is a personal action for damages or for money had and received.'' (Citing a large number of cases.) Appellant, however, does not quote all of the opinion, and does not quote the portion of the opinion which we think applicable here, to wit: ''The case is different, of course, where the money or property of the trustor can be traced to a particular fund or desposit, where it still remains, though mingled with other money, or where it is used to establish a particular business which was continued in existence and carried on by the trustee or someone taking from him with knowledge of the trust.'' (Citing *Elizalde* v. *Elizalde*, 137 Cal. 641 [66 Pac. 369, 70 Pac. 861], *Moore* v. *Jones*, 63 Cal. 13, and *Byrne* v. *McGrath*, 130 Cal. 316 [80 Am. St. Rep. 127, 62 Pac. 559].) In the present case it is shown that the entire fund was made up of moneys collected for and on behalf of the interveners, and that no part of the fund in the bank belonged to the defendant Masten.

In *Title Ins. & Trust Co.* v. *Ingersoll*, 158 Cal. 474 [111 Pac. 360, 364], we find the following statement on page 484: ''The fact that the trust money was in part commingled with the community property so as to destroy its specific identity, does not necessarily destroy the trust as to that part, nor prevent its enforcement; it prevents the court from tracing it and declaring any specific parcel of property to be trust property, but the trust may still be enforced by a personal judgment for the amount of money not traceable into specific parcels.'' (Citing a number of cases.)

In the case of *Elizalde* v. *Elizalde, supra,* the court in its opinion said: ''If a trustee pay trust money into a bank to the account of himself, not in any way ear-marked with the trust, and also keep private moneys of his own to the same account, the court will disentangle the account and separate the trust from the private moneys and award the former specifically to the *cestui que trust*. If the trustee, after so

mingling the funds, has drawn from to time, it will be presumed that the moneys so drawn were from his own portion of the fund, rather than from the moneys held by him in trust.'' (Citing cases.) In that case it was held that the property could not be applied to the satisfaction of his debts owing to general creditors.

In *Keeney* v. *Bank of Italy,* 33 Cal. App. 515 [165 Pac. 735, 736], the court having under consideration a somewhat similar question, said: ''It is equally well settled that the equitable ownership of trust funds may follow them into the hands of all persons who acquire them with notice of a trust'' (citing *Lathrop* v. *Bampton,* 31 Cal. 17 [89 Am. Dec. 141]; 3 Pomeroy Juris, sec. 1048), and that where a trustee has mingled trust funds with his individual moneys, drawing upon the aggregate from time to time, it will be conclusively presumed, both against him and his creditors and persons claiming under him, that the residue thereof is attributable to the trust so far as may be necessary to keep the trust money intact. To the same effect is the case of *Ohio Electric Car Co.* v. *Duffet,* 48 Cal. App. 674 [192 Pac. 298].

In *Newport* v. *Hatton,* 195 Cal. 132 [231 Pac. 987, 993], it is held that where money or property of a trust can be traced into a particular fund or desposit, where it remains, though mingled with other money, the beneficiary may follow the specific personal property and enforce the trust; although the identical pieces of coin cannot be ascertained, yet if there is so much belonging to the trust in a general heap of private trust funds, the *cestui que trust* may take out such portion as equals the amount of the trust fund.

■ The question of notice is not material in this case. There is no contention that any credit was given by the plaintiff to Masten on account of the manner in which the moneys belonging to the interveners was deposited in the bank. The ownership of the money so deposited only, is involved.

The alleged misjoinder or nonjoinder of parties not having been taken before issue joined, it was too late to raise that objection thereafter. (Sec. 378, Code Civ. Proc.; *Chan Yo Chow* v. *Lim Sing,* 87 Cal. App. 278 [261 Pac. 1039].)

The judgment is affirmed.

Thompson (R. L.), J., and Preston, P. J., concurred.