## KEMP v. ELMER CO., Limited, et al.
### No. T–12–C.

District Court, S. D. California, Central Division.

Feb. 26, 1932.

O'Melveny Tuller & Myers and Faries, Williamson & Musick, all of Los Angeles, Cal. (Pierce Works and David R. Faries, both of Los Angeles, of counsel), for plaintiff.

Franklin W. Peck, Ivan G. McDaniel, Walter J. Little, and W. E. Craven, all of Los Angeles, Cal., for defendants.

COSGRAVE, District Judge.

Action by A. N. Kemp, receiver in equity of Guaranty Building & Loan Association of Los Angeles, to declare a trust to exist in his favor in all the property of the Elmer Company, Limited, a corporation.

Certain facts are stipulated, a deposition of Gilbert H. Beesemyer, defaulting manager of the Guaranty Building & Loan Association, has been offered in evidence, certain financial statements of accountants and an oral offer of proof, and a ruling has been sought as to the sufficiency of the evidence thus proposed to justify a judgment in favor of the plaintiff.

From the proposed evidence it appears that Beesemyer, while manager of the Guaranty Building & Loan Association of Los Angeles embezzled from that institution $8,-145,000. Of this amount $1,822,850.97 was invested in organizing the Elmer .Company, and this sum comprised all the money that the Elmer Company ever received from any source except that borrowed from the De Mille Company and with the further exception of the rents, issues, and profits growing out of the investment of the funds thus embezzled from the Guaranty Building & Loan Association. That Beesemyer organized the Elmer Company as an agency from the profits of which he hoped to repay to the Guaranty Building & Loan Association the amount he had embezzled from it. The De Mille Company may be removed from consideration as the amount received from that company has been repaid with the exception of a certain balance which is disputed, and it is not a party to the action.

It is clear that by the investment of the money of the Guaranty Building & Loan Association in the Elmer Company a trust resulted in favor of the building and loan association in the property so procured and held by the Elmer Company, for it was a mere trustee for the building and loan association. Since the entire sum invested was the property of the building and loan association, all the property held by the Elmer Company was equitably the property of the building and loan association, and the identity of the fund is sufficiently established, extending as it does to the entire property owned. All additions to this fund obtained either by purchase of property or borrowing of money, title to which passed to the Elmer Company, likewise partook of the nature of the original fund, and equitably belongs to the building and loan association. Title to the rents, issues, and profits necessarily follows title to the property itself.

This seems to be the situation now existing as established by the following authorities: 25 Cal. Juris., 199; Id. 210; Breeze v. Brooks, 97 Cal. 72, 31 P. 742, 22 L. R. A. 257; Byrne v. McGrath, 130 Cal. 316, 62 P. 559, 80 Am. St. Rep. 127; Taylor v. Morris, 163 Cal. 717, 127 P. 66; Central National Bank of Baltimore, v. Connecticut Mutual Life Insurance Co., 104 U. S. 54, 26 L. Ed. 693.

I am of the opinion, therefore, that the offer of proof is legally sufficient, and, if the evidence proposed is not contradicted, the effect of the same will be to establish title to the property of the Elmer Company, Limited, in the receiver of the Guaranty Building & Loan Association of Los Angeles, to the exclusion of rights of the existing creditors of the former company.