[Civ. No. 2323.   Fourth Appellate District.—August 28, 1939.]

K. TAKAHASHI, Respondent, v. HARRY K. KUNISHIMA, Defendant; GEORGE MANOS, Appellant.

Stickney & Stickney and William H. Wylie for Appellant.

Frank Birkhauser for Respondent.

Elmer W. Heald, District Attorney (Imperial County), as *Amicus Curiae*, on Behalf of Respondent.

HAINES, J., *pro tem.*—Defendant Kunishima was, during the year 1937, engaged in raising farm produce in Imperial County and appellant Manos claims to have been the assignee of Manos Brothers, to whom Kunishima in December of that year is said to have executed a promissory note for $4,000 and interest, secured by a crop mortgage on a tomato crop then growing on Kunishima's premises in that county, which

mortgage is stated to have been in that month duly recorded. On July 12, 1938, respondent Takahashi commenced the instant action in the Superior Court of Imperial County against Kunishima to obtain judgment on certain labor claims aggregating $1,053, one of which Takahashi asserted to have been originally his own, and the other two of which he alleged that he had acquired by assignment. Pending this action he took out a writ of attachment and caused notice of garnishment thereunder to be served on the Consolidated Produce Co., Ltd., hereinafter referred to as the "Produce Company", a Los Angeles concern to which Kunishima had delivered the tomatoes. The Produce Company on July 15th made return in the words and figures following:

"To notice of garnishment and demand for a statement served on me this 15th day of July, A. D. 1938, by the sheriff of Los Angeles County, under and by virtue of a writ of attachment issued in the above entitled cause my answer is: That —— I am indebted to ——, said defendant, in the sum of —— Dollars, and that —— I have —— in —— my possession —— and under —— my control —— personal property belonging to said defendant, to-wit: No funds

"NOTE: Handled shipments for this account, but notified to effect by Manos Bros. of San Diego, California, they hold Crop Mortgage covering crops produced; and they rightfully entitled to proceeds and demanding payment thereon. Have therefore withheld payments until such a time as proper party proven rightfully entitled to these payments.

"Amount withheld $1140.91."

Thereupon Takahashi filed in the case a petition, apparently conceived to be under the provisions of section 689 of the Code of Civil Procedure, claiming that the labor on which his claims were based had been bestowed on the crop delivered to the Produce Company and asking determination of the right to the money derived from the sale of the crop. The court directed a hearing on the matter and fixed August 24, 1938, as the time therefor, of which notice was given to the Produce Company but so far as appears to nobody else. In the meantime it enjoined the Produce Company from disbursing the $1140.91. Kunishima having defaulted in the main case, Takahashi proceeded to take judgment as he had prayed on July 26th, and on July 27th, he took out an execution thereon for $1,064 then due on the judgment, and had a no-

tice of levy thereon served on the Produce Company which refused to pay the sheriff the funds in its hands but instead made return that it was not indebted to Kunishima and had in its possession or under its control no personal property belonging to him but did have in its possession $1140.91 as the sales price of produce consigned to it by Kunishima for sale but that Manos Brothers claimed such proceeds by virtue of a crop mortgage. On August 12th, Takahashi made an affidavit under section 717 of the Code of Civil Procedure asking that the Produce Company, Manos Brothers, and appellant George Manos appear and show cause why the money should not be paid to the sheriff. The court on that day issued an order to show cause accordingly, fixing August 24th as the time for the hearing on the matter, restraining the Produce Company in the meantime from doing anything to prejudice the proceeding and shortening to five days the time for service of the order. This order was served on all parties concerned but the service was not made on appellant until August 23d, and he apparently made no appearance on August 24th. The court minutes as of that date recite that "Leave is granted to the plaintiff for a reference before Arthur W. Kennedy, attorney at law, on September 10, 1938, at 10 o'clock a. m."

According to the recitals in the court's findings hereinafter referred to, the original petition filed for determination of the title to the property sought to be levied on under the writ of attachment, as well as the hearing asked for in the affidavit made under section 717 by way of a proceeding supplementary to execution, came on together before the court on August 24th, and were continued to August 31st, at which latter time Takahashi, Kunishima, Manos Brothers and appellant George Manos all did appear by counsel, and counsel for appellant George Manos, according to the recitals referred to in the findings, objected to the court's jurisdiction "to determine the title to the property" attached, and presented and sought leave to file a petition in intervention. This leave, however, the court denied.

In this proposed petition in intervention appellant Manos set out the making of the note and crop mortgage by Kunishima in favor of Manos Brothers and the assignment of the same by Manos Brothers to him; that the tomatoes were subject to the mortgage lien; that the mortgage provided that

the crop should be delivered into the mortgagee's possession for sale and the proceeds applied to the debt; that Kunishima, in violation of the terms of the mortgage and without notice to the mortgagee, had removed $1140.91 worth of tomatoes from the land and delivered the same to the Produce Company with instructions to sell them for his account; that the Produce Company had done so and realized therefrom $1140.91, which sum it held; that the case as between the respondent Takahashi and defendant Kunishima was collusive and instituted to defraud Manos and his assignors; that Kunishima was not in fact indebted to Takahashi; and that he, Manos, was entitled to the $1140.91.

The hearing of August 31st was adjourned (according again to the recitals mentioned) for the taking of evidence in Los Angeles, pursuant to the reference made by the court, after which the court on October 25, 1938, rendered judgment for respondent Takahashi which, however, was vacated by consent and the matter reargued. Appellant claims that he was not represented at the taking of the evidence in Los Angeles and his counsel claim to have had no notice of the hearing there. The findings assert that they did have such notice thereof.

The findings bear date December 17, 1938. They are of considerable length and, as we have stated, recite various proceedings above mentioned; undertake to determine that the claim of Manos Brothers and George Manos to a lien upon the funds in controversy by virtue of their crop mortgage is unsupported by the evidence, for the reason that on January 19, 1938, they filed an action in San Diego County, which was subsequently transferred to Imperial County, against Kunishima on the $4,000 promissory note and filed therein an attachment affidavit and secured the issuance of a writ of attachment and levy thereof on the said moneys in the possession of the Produce Company, whereby they waived their mortgage lien; further, that they waived it by reason of their apparent consent to Kunishima's sale of the crop and their lack of reasonable diligence in protecting their rights after the crop had been harvested. The court also found that by Takahashi's action in levying under his own writ of attachment on July 15, 1938, he obtained a prior lien on the money in the hands of the Produce Company and that he is entitled to satisfaction of his judgment therefrom. It was

further found that the Produce Company had, prior to the making of said findings, filed an interpleader action in Imperial County wherein it named as defendants both Takahashi, Manos Brothers and George Manos, and had offered to deposit therein the sum of $1,064 with interest thereon from July 26, 1938, and costs, for disposition to whichever party should be adjudged entitled thereto, to which sums the court found, as above stated, that Takahashi was entitled.

Pursuant to these findings and in accordance with certain conclusions of law drawn by it from them, the court thereupon proceeded in the instant case to adjudge Takahashi entitled to the money claimed by him, but to provide that upon the deposit by the Produce Company of the money in its hands with the county clerk of Imperial County, either in the instant case or in the interpleader action, such clerk should pay Takahashi therefrom enough to satisfy his judgment and hold the balance, if any, subject to the court's further order. It is from this judgment that the present appeal is prosecuted.

The fundamental question in the present appeal appears to us to be whether, either under the provisions of sections 544, 545 and 689 of the Code of Civil Procedure, relating to proceedings to be taken in certain circumstances after an attachment levied on property in the hands of persons other than the immediate parties to the action, or under sections 717 to 720, both inclusive, of the Code of Civil Procedure, having to do with proceedings supplementary to execution, the court had any jurisdiction in the instant proceeding to make the determination complained of.

■ Section 544 deals with the circumstances under which third parties become liable to an attaching creditor, not with the matter of adjudicating their liability. It has been squarely held that "neither that section nor section 545 authorizes the court or referee to make an adjudication as to the matter of the indebtedness of the garnishee to a party whose property is attached". (*Bunnell* v. *Wynns*, 13 Cal. App. (2d) 114, 116 [56 Pac. (2d) 267], hearing denied by Supreme Court.) ■ So far as section 689 is concerned, the proceeding there contemplated has to do only with the determination, after an attachment levy, of rights in the property levied upon asserted by a verified third party claim.

The Produce Company's return to the notice of garnishment under the attachment was not verified, nor did it assert any beneficial interest on the part of the Produce Company in the funds sought to be attached. No authority whatever existed to try title under it. ▮ Manifestly, therefore, if the judgment appealed from is to be sustained at all, it must be sustained as one authorized by sections 717 to 720, both inclusive. But it cannot be so sustained. It has long been settled that no jurisdiction exists under these sections to summarily try the question of whether the third party served with notice of an execution levy is indebted to the defendant when such an indebtedness is denied. (*Parker* v. *Page*, 38 Cal. 522; *Hartman* v. *Olvera*, 51 Cal. 501; *Hibernia Sav. & Loan Soc.* v. *Superior Court*, 56 Cal. 265; *Ex parte Hollis*, 59 Cal. 405, 413, 414; *G. Cavaglieri Mortgage Co.* v. *Superior Court*, 79 Cal. App. 655 [250 Pac. 700].) So far as the right to enter any summary order for the payment of the funds is concerned, such denial is conclusive against the court's power to make it. (*G. Cavaglieri Mortgage Co.* v. *Superior Court, supra.*) The court can, in such a case, do no more, after holding the examination, than to authorize, under section 720, the institution of an independent action and forbid the disposition of the fund while that is going on. *A fortiori* do these principles apply where the one served with the notice of the levy not only denies the indebtedness to the defendant but, as here, asserts that the funds in his hands are in fact claimed by someone other than the defendant. (*Deering & Co.* v. *Richardson-Kimball Co.*, 109 Cal. 73, 82, 83 [41 Pac. 801]; *Miller* v. *Superior Court*, 82 Cal. App. 634, 639 [256 Pac. 431].)

▮ Respondent claims that these authorities are not applicable because on the return to the original attachment levy the Produce Company did not deny but admitted an indebtedness to Kunishima. There is nothing whatever in this claim. It is sufficiently evident from the return, as set out in the record, that it was made on a form furnished by the sheriff containing *inter alia* the words: "I am indebted to ——, said defendant, in the sum of —— Dollars, and that —— I have —— in ——my possession —— and under —— my control —— personal property belonging to said defendant, to-wit:" and that the assistant secretary of the Produce Com-

pany deemed that he had sufficiently negatived these solicited statements by writing after them the words "No funds" followed by the explanation under the heading "NOTE" hereinbefore in this opinion set out. When the return is looked at as a whole, no other construction of it appears reasonable. As respects the later return made to the execution levy, it is explicit in the denial that the Produce Company owed Kunishima anything. ■ It has been suggested that appellant, by appearing in connection with the proceedings actually taken in the instant case, waived his right to object to the court's jurisdiction to make adjudications therein. But the record shows that he objected to the jurisdiction so far at least as the attempt to try title under the attachment proceedings was concerned and, as respects the proceedings supplementary to execution in refusing him leave to file his petition in intervention, the court in effect denied him the right to raise issues which he would in the independent action contemplated by section 720 of the Code of Civil Procedure have been entitled to try, such *inter alia* as the *bona fides* of the indebtedness on which the respondent had obtained judgment. These were questions which he had the right to raise in a proper forum, for, unlike Kunishima, he was not estopped by the default judgment to raise them. (*Coghill* v. *Marks,* 29 Cal. 673; *McEldowney* v. *Madden,* 124 Cal. 108 [56 Pac. 783] ; *Carlin* v. *Masten,* 118 Cal. App. 373 [5 Pac. (2d) 65].) We agree, however, that a proceeding supplementary to execution was not a proper one in which to try these questions. By that token his rights ought not to have been concluded in a proceeding in which he could not properly raise them.

In view of the situation as we have set it out and the authorities cited, we think it clear that the trial court erred in attempting, in the case before us, to make any adjudication determining the right to the money in the hands of the Produce Company. We are not especially interested, therefore, in the details of the evidence presented to it other than those which we have recited. What has been said is enough to show that it was without jurisdiction to act at all in deciding who was entitled to the funds levied upon. Whether it was right or wrong in the views entertained by it as to who was entitled to them is, therefore, a matter which does not greatly

concern us now. It may be pointed out, however, that even were we entitled here to investigate that question, the record before us would not afford us the means of doing so. The briefs are full of assertions about what the evidence presented to the trial court showed and what it did not show, but counsel have furnished us with neither a reporter's transcript nor bill of exceptions to enable us to know anything more about the matter than is exhibited in what is tantamount to a judgment roll. We learn from the records that we do have, that the trial court had before it files in the other two cases referred to in its findings, that is, in the attachment action said to have been brought on the $4,000 note, and in the interpleader case. No copies of any of these files have been furnished us except as counsel undertake to quote from them in the briefs. In the *amicus curiae* brief filed by the district attorney, he quotes from the depositions said to have been taken in Los Angeles. This testimony is not before us.

It is wholly outside the record brought up to us, but was stated at the oral argument before this court, that the Produce Company, whether before or after the actual rendition of the court's judgment here appealed from, in fact paid the funds to the county clerk of Imperial County, as a proceeding in the interpleader suit and not in the instant case, and that the court proceeded in that suit to enter a judgment exonerating it from all further responsibility in the matter; that though the interpleader case has not yet been tried as between respondent Takahashi and appellant Manos, the court made an *ex parte* order therein directing the money claimed by him to be paid over to Takahashi; that the clerk paid it over accordingly, but that the court subsequently vacated such *ex parte* order, it having been made without jurisdiction. If such deposit of money in the interpleader case and the entry of an interlocutory judgment therein exonerating the Produce Company in fact occurred before the judgment appealed from in the instant case, it would afford an additional reason why the court had no jurisdiction to enter such judgment here complained of. (*Israel* v. *Bryan,* 52 Cal. App. 66, 73 [197 Pac. 121].) However this may be, it is manifest that the interpleader cause and not the cause before us is the proper one in which to settle, as between respondent and appellant, the right to the money in dispute.

But what has or has not been done in that case cannot under the record before us be considered on the present appeal.

The judgment appealed from is reversed.

Barnard, P. J., and Griffin, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on September 19, 1939.