[Civ. No. 32762.  Second Dist., Div. Five.  Sept. 17, 1969.]

MARVIN B. KAPELUS, Plaintiff and Respondent, v. FAMILY HEALTH FOUNDATION, Defendant and Appellant.

Ernest Duncan for Defendant and Appellant.

Marvin B. Kapelus, in pro. per., for Plaintiff and Respondent.

AISO, J.—Defendant appeals from an order of the superior court denying its motion made pursuant to section 675 of the Code of Civil Procedure to compel plaintiff to execute a satis-, faction of judgment or in the alternative to secure an order entering a satisfaction of judgment.

Plaintiff (judgment creditor and garnishor) obtained a judgment against the defendant (judgment debtor) for the sum of $7,988.75, which judgment was entered May 13, 1966. No appeal was taken therefrom, and it is final.

On June 20, 1966, plaintiff garnished[1] the Los Angeles

---

[1]Attachment was levied by way of garnishment on February 3, 1965, on the same garnishee on which the writ of execution was served. Its materiality to this appeal has not been argued in the briefs and we likewise see no materiality thereof to the disposition we reach on this appeal.

County Employees Association (garnishee), which answered "Not Indebted." Plaintiff thereafter obtained an order for the examination of the garnishee as a debtor of the defendant-judgment-debtor pursuant to section 719 of the Code of Civil Procedure. Following a supplemental examination of the garnishee, a commissioner of the superior court *qua* referee made an order on October 27, 1966, the pertinent portions of which read:

"Garnishee Los Angeles County Employees Association was indebted to judgment debtor herein, on date of levy of writ of attachment, in sums exceeding amount required to satisfy judgment subsequently entered. Garnishee, on said date of levy, had good faith offset claims against judgment debtor at least equivalent to sums it then owed judgment debtor. Garnishee waived its right of offset by exhibit A[2] and its performance of said exhibit's terms. [¶] Garnishee is now in the same position, as far as judgment creditor is concerned, as though it had retained in its possession sufficient money to fully satisfy the judgment. Garnishee is liable to judgment creditor in the sum of $7,988.75, plus interest thereon at 7% from date of entry of judgment until paid. Said sum is ordered delivered forthwith by garnishee to judgment creditor."

On November 4, 1966, the garnishee appealed from this order. As the result of a settlement entered into between plaintiff and garnishee, the garnishee paid to plaintiff $5,000 and executed an "abandonment of appeal without prejudice," and plaintiff executed a partial satisfaction of judgment to the extent of $5,000 on February 2, 1967 (filed February 3, 1967) and a document entitled, "SATISFACTION OF ORDER" on February 20, 1967 (filed March 14, 1967). There is no dispute that the referee's order of October 27, 1966, was the order to which the so-called satisfaction of order was to apply.

On July 13, 1967, defendant filed a motion for an order to compel plaintiff to execute a satisfaction of judgment or in the alternative for an order of the court entering a satisfaction of judgment. (Code Civ. Proc., § 675.) Defendant's theory was that the referee's order of October 27, 1966, was a conclusive adjudication that the garnishee had funds of the defendant sufficient to pay the judgment upon the date of

---

2This is a document entitled, "MUTUAL CANCELLATION AGREEMENT," bearing date of February 10, 1965, executed by the garnishee and defendant.

garnishment by the writ of execution and that upon the plaintiff settling with the garnishee for $5,000 and a "Satisfaction of Order," it constituted a release of the levy on the garnishee which also released the defendant as to the entire amount of the judgment against it. The court below denied the motion by its minute order of August 1, 1967; defendant appeals from the order.

The trial court construing all three instruments executed by and between the plaintiff and the garnishee together found that there was no full satisfaction and that the "satisfaction of order" was given only to immunize the garnishee from being held in contempt of the referee's order of October 27, 1966. It was proper to construe all of the instruments in the light of each other to ascertain the true meaning thereof. (*Meyers* v. *Housing Authority of Stanislaus County* (1966) 241 Cal.App.2d 721, 723 [50 Cal.Rptr. 856]; *Lopez* v. *Puzina* (1966) 239 Cal.App.2d 708, 713 [49 Cal.Rptr. 122, 19 A.L.R. 2d 1291]; *Kaneko* v. *Okuda* (1961) 195 Cal.App.2d 217, 231 [15 Cal.Rptr. 792]; Civ. Code, § 1642.)

█ The more fundamental infirmity of defendant's position, however, is the fact that the referee's order of October 27, 1966, was void. Where the garnishee denies the debt upon a supplemental examination, the referee was empowered only to make an order authorizing a suit by the garnishor (plaintiff) against the garnishee to obtain an adjudication of whether the garnishee was in fact indebted or whether the claimed offset was valid (*Coffman* v. *Cobra Mfg. Co.* (9th Cir. 1954) 214 F.2d 489, 492-493, cert. denied, 348 U.S. 912 [99 L.Ed. 715, 75 S.Ct. 291]) and to forbid the transfer or other disposition of the debt "until an action can be commenced and prosecuted to judgment." (Code Civ. Proc., §§ 719, 720;[3] *Hartman* v. *Olvera* (1876) 51 Cal. 501.) The court does not have jurisdiction to try the issue which the referee did in this case in the summary proceeding provided by sections 717 to

---

[3]Code of Civil Procedure section 719: "The . . . referee may order any property of the judgment debtor, not exempt from execution, in the hands of such debtor, or any other person, or due to the judgment debtor, to be applied toward the satisfaction of the judgment; but no such order can be made as to money or property in the hands of any other person or claimed to be due from him to the judgment debtor, *if such person claims an interest in the property adverse to the judgment debtor or denies the debt.*" (Italics added.)

Code of Civil Procedure section 720: "If it appears that a person or corporation, alleged to have property of the judgment debtor, or to be indebted to him, *claims an interest in the property adverse to him, or denies the debt,* the judgment creditor may maintain an action against such person or corporation for the recovery of such interest or debt; and

720 of the Code of Civil Procedure. (*Wulfjen* v. *Dolton* (1944) 24 Cal.2d 878, 889 [151 P.2d 840]; *Oksner* v. *Superior Court* (1964) 229 Cal.App.2d 672, 684 [40 Cal.Rptr. 621]; *Takahashi* v. *Kunishima* (1939) 34 Cal.App.2d 367, 373 [93 P.2d 645]; *Booge* v. *First Trust & Sav. Bank* (1941) 46 Cal. App.2d Supp. 879, 882 [116 P.2d 503].) The order of October 27, 1966, was, therefore, invalid (*G. Cavaglieri Mortg. Co.* v. *Superior Court* (1926) 79 Cal.App. 655, 658 [250 P. 700]) and void (cf. *Oksner* v. *Superior Court, supra,* at p. 686). A writ of prohibition would have issued upon the garnishee's application restraining its enforcement. (*Pacific Coast Auto Assn.* v. *Superior Court* (1932) 121 Cal.App.2d 664 [9 P.2d 880]; *G. Cavaglieri Mortg. Co.* v. *Superior Court* (1926) *supra,* 79 Cal.App. 655.) The contention of the defendant insofar as it rests upon the void order of October 27, 1966, falls with its foundation.

The order appealed from is affirmed.

Stephens, Acting P. J., and Reppy, J., concurred.

---

the . . . referee may, by order, forbid a transfer or other disposition of such interest or debt, until an action can be commenced and prosecuted to judgment. Such order may be modified or vacated by the . . . referee granting the same, or the court in which the action is brought, at any time, upon such terms as may be just." (Italics added.)