HAWAIIAN ROCK PRODUCTS, Plaintiff

v.

MICHAEL M. POPE
and DOES I-X, Defendants

Civil No 894-79
Superior Court of Guam
May 23, 1980

- - - - -

- - - - -

ABBATE, Judge

DECISION AND ORDER

Defendant's motion for summary judgment came on for hearing on April 7, 1980. Plaintiff was represented by Robert Klitzkie. Defendant was represented by Duncan McCully. This decision is based on the pleadings and oral argument presented to the court.

Defendant's argument that this action is barred by res judicata is unfounded. In the debtor examination proceeding cited by defendant, Judge Raker had to accept defendant Pope's statement that he had no debt owing Pithree Farms, Inc. Said examination was not a trial and the findings there were not a judgment subject to res judicata. Where a defendant denies a debt, the judge has no power to enter a summary order or judgment adjudicating the validity of the claim. Such

adjudication must be made in an independent action. <u>Bunnell</u> <u>v. Wynns</u>, 13 CA. 2d 144, 56 P.2d 267 (1936).

Defendant's argument that the statute of limitations has run is also unfounded. Defendant states that the stock subscription agreement was entered in 1972. But defendant never states when the agreement was to be performed. It is the breach of performance that starts the statute running, not when the agreement is entered. Where no date is set out in a stock subscription agreement, the performance is based on a "call" by the corporation. No facts setting forth a date of performance have been offered; thus the court cannot find that this action is barred by the statute of limitations. <u>See</u>, <u>Spencer v. Anderson</u>, 193 C. 1, 222 P. 355 (1924).

The court finds that there is a triable issue of fact, which is whether or not defendant has an outstanding debt owing Pithree Farms, Inc., the plaintiff's debtor. This question has not been litigated.

For the above reasons, the court DENIES the motion for summary judgment. Plaintiff's counsel is instructed to prepare an order consistent with the findings herein.

SO ORDERED.