[Civ. No. 3315. Third Appellate District.—April 30, 1927.]

## C. W. MILLER, Petitioner, v. THE SUPERIOR COURT OF BUTTE COUNTY et al., Respondents.

[1] PROHIBITION—FUNDS DEPOSITED IN COURT—CLAIM OF THIRD PARTY —TITLE—INTERPLEADER.—A writ of prohibition will not be granted upon the application of a third party to restrain proceedings under an order entered in supplemental proceedings directing the clerk of the superior court to pay out money in his possession, which had been tendered him by the debtor in another action, notwithstanding the claim of said third party that he had made reimbursement for the money so tendered, where said third party was a stranger to the record in the superior court, and the clerk had not sought to take advantage of the provisions of section 386 of the Code of Civil Procedure by way of interpleader, or by bringing an action against the respective parties requiring them to come into court and litigate their right and title to the money under section 720 of the Code of Civil Procedure.

[2] EXECUTIONS — SUPPLEMENTARY PROCEEDINGS — PROPERTY OF JUDG-MENT DEBTOR IN HANDS OF THIRD PARTY—ADVERSE CLAIMS—AC-TIONS—JURISDICTION.—Where, in supplementary proceedings, a per-son alleged to have a judgment debtor's money or property denies the indebtedness or sets up the fact that there are other parties making claim thereto, the jurisdiction of the trial court is limited, under section 720 of the Code of Civil Procedure, to authorizing the institution of actions to determine the right to the money or prop-erty, and providing for its retention or impounding until final adjudication of the rights of the respective parties.

(1) 32 Cyc., p. 622, n. 46.   (2) 23 C. J., p. 866, n. 75.

PROCEEDING in Prohibition to restrain further pro-ceedings under an order directing payment of money. H. D. Gregory, Judge. Writ denied.

The facts are stated in the opinion of the court.

Seth Millington for Petitioner.

Raymond A. Leonard for Respondents.

2.   See 11 Cal. Jur. 157, 158.

PLUMMER, J.—This matter comes before us upon a petition of C. W. Miller asking that a writ of prohibition be issued from this court directed to the Honorable H. D. Gregory, as Judge of the superior court of the state of California, in and for the county of Butte, and C. F. Belding, clerk of said court, restraining and prohibiting further proceedings under an order of said court, directing the said C. F. Belding to pay over and deliver the sum of $819.75 to one C. J. Luckehe, now in possession of and under the control of said C. F. Belding, pursuant to supplemental proceedings had in the case of C. J. Luckehe against J. P. Gordon and C. E. Pfister, pending in said court.

It appears from the papers on file in this action and the stipulations of counsel entered into in open court upon the hearing hereof that in a certain action prosecuted in said superior court, wherein J. P. Gordon and C. E. Pfister were plaintiffs against C. J. Luckehe, one W. H. Carlin, who then and there appeared as attorney for the plaintiffs, did in open court make and tender the sum of $819.75 to the defendant in satisfaction of the controversy then in issue between the parties, which tender was refused by C. J. Luckehe, the defendant in the action then pending; that the action referred to was being prosecuted and the tender was made in open court on or about the sixth day of October, 1926; that the said W. H. Carlin made the tender by his own personal check then and there delivered by him to the respondent C. F. Belding, the clerk of said court; that thereafter, and on or about the twentieth day of October, 1926, the said W. H. Carlin was reimbursed for the money tendered by him, as aforesaid, and left in the custody of the respondent, Belding.

The petition alleges that the reimbursement to the said Carlin for the money tendered by him in the action referred to and left in the care and custody of the respondent, Belding, was made by the petitioner, C. W. Miller, herein out of funds of which he, the said Miller, was the owner.

It further appears from the pleadings and papers on file herein and the stipulations of counsel that in the action of *Gordon and Pfister* v. *Luckehe*, judgment was rendered and entered for the defendant for his costs. The action was prosecuted on account of a certain lease, or contract of

sale, for a certain tractor, of which the defendant had possession, and for the recovery of which the plaintiffs were prosecuting the action referred to, and the tender made and refused was of the amount upon the lease contract, or contract of sale, admitted to be due by the plaintiffs on the purchase price of the tractor in question.

It further appears from the papers on file that in a certain other action begun and prosecuted by C. J. Luckehe, as plaintiff, against J. P. Gordon and C. E. Pfister, as defendants, the plaintiff obtained judgment against said defendants in the sum of $2,711.71, as principal, $54.57 as costs, and attorney's fees in the sum of $350; that thereafter an execution was issued on the judgment just referred to, placed in the hands of the sheriff of the county of Butte, and by him returned as unsatisfied on the sixteenth day of February, 1927. Thereafter, upon the petition of the said C. J. Luckehe, supplemental proceedings were taken and had in said last-mentioned cause for the examination of the said C. F. Belding as to the $819.75 in his possession, deposited and left with him as hereinabove stated, upon the conclusion of which examination had before the said Honorable H. D. Gregory, as Judge of the superior court of said county, an order was made directing the said C. F. Belding to turn over to the plaintiff, C. J. Luckehe, the said $819.75 in part satisfaction of the judgment obtained by the said C. J. Luckehe against the defendants J. P. Gordon and C. E. Pfister, as herein stated.

Prior to the making of this order and prior to the issuance of the execution, as above stated, a writ of attachment had been issued in the case of Luckehe against Gordon and Pfister, and garnishment process therein served upon said C. F. Belding, purporting to garnish in his hands all moneys and credits belonging to the said J. P. Gordon and C. E. Pfister, to which process the respondent Belding made no answer. It further appears that immediately following the trial of the action of Luckehe against Gordon and Pfister, the said W. H. Carlin died and since said date said Gordon and Pfister have been represented by other counsel.

In so far as the record presented to this court shows, the transaction which took place during the trial of the first action herein referred to, when the offer or tender was made, we are furnished with the following: "Mr. Carlin:

What does the record show that deposit was with the bank, do you know? Mr. Gordon: $759. Mr. Carlin: Draw two checks, Mr. Clerk, one to Mr. Leonard for his costs and to the clerk of the court here for the other sum; and I will ask you further questions about the money. Mr. Myers, will you kindly go over to the bank of Italy here and get the money? The Court: Are they your checks? Mr. Carlin: Yes. The Court: Well, that will be all right. If you say so we know the money is there. Mr. Leonard: Make the check payable to the clerk of the court. Mr. Carlin: You can make it out to suit yourself. The Court: Is there anything further in the case of *Gordon and Pfister* v. *Luckehe?* Mr. Leonard: No.''

After mentioning another case then pending, the following occurred: ''Mr. Leonard: If your honor please, how much is the amount of that larger check? Mr. Gordon: $759 and some odd cents. Mr. Carlin: That is including the interest up to November? Mr. Gordon: Yes. Mr. Leonard: We will stipulate, Mr. Carlin, that you may fix that up at noon. Mr. Carlin: No, I will give him a check to cover it.''

Upon the hearing of the order to show cause in this proceeding, it was stipulated that the foregoing is a true and correct copy of the proceedings had and as to what took place at the time of the tender of the sum of $819.75, involved in this proceeding.

[1] The petition for a writ of prohibition herein is entirely silent as to what took place upon the hearing had upon the supplementary proceedings in the case of *Luckehe* v. *Gordon and Pfister*, wherein the respondent, C. F. Belding, was examined as to the $819.75 placed in his possession, as aforesaid, and still in his possession. Whether the respondent, Belding, represented to the court that the money in his possession was other than money belonging to Gordon and Pfister, or whether any third person laid claim thereto, the record furnishes us no information. In the petition filed as the basis of this action, it is set forth that C. W. Miller furnished the money to reimburse W. H. Carlin for the tender made by him and the money which his check represented in the tender made in open court and by the said Carlin delivered to the clerk, as aforesaid. Whether this claim is well founded, or whether the transaction was such that the tender made by Carlin and the reimbursement

to Carlin made by Miller constituted a loan of the money to Gordon and Pfister are questions which we cannot determine in this proceeding and which are entirely outside of any matters affecting the right of the plaintiff to a writ of prohibition herein. It does not appear that the petitioner C. W. Miller appeared at the supplementary proceedings had in the case of *Luckehe* v. *Gordon and Pfister*, upon which respondent Belding was examined concerning said matters, and as we have said, the record is absolutely silent as to what defense, response, or answer, if any, was made by the said Belding, preceding the making of the order for the turning over of the said moneys to C. J. Luckehe by the respondent, H. D. Gregory, as judge of said superior court. No intervention in the action of *Luckehe* v. *Gordon and Pfister* was asked for by the said C. W. Miller, nor does it appear that the said C. F. Belding has sought in any manner to take advantage of the provisions of section 386 of the Code of Civil Procedure, by way of interpleader or bringing action against the respective parties requiring them to come into court and litigate their right and title to the money in his hands. So far as the record before us is concerned, the petitioner, C. W. Miller, is an entire stranger to all the proceedings in the case of *Luckehe* v. *Gordon and Pfister*. It does not appear that his rights are being litigated. It does not appear that the respondent, C. F. Belding, is asking that the claims of other parties to the money be first determined before the money is paid over by him to anyone. Under the authorities which we will hereafter cite, if the clerk had made it appear to the trial court during the examination had upon supplemental proceedings that the money in his hands was subject to conflicting claims, then under the provisions of section 720 of the Code of Civil Procedure, the trial court would have had no jurisdiction to order the money paid over, but would have been limited in its power to authorizing a suit wherein all persons claiming the money may be made parties and complete adjudication had as to all conflicting claims. This is not a petition by the respondent, C. F. Belding, as clerk of said court, to prohibit the execution of the order, and so long as the clerk makes no objection to following the order of the court, takes no appeal therefrom, nor seeks by any other proceeding to stop the execution thereof, in order that a judgment may be entered determining the title to the money in ques-

tion and so relieve him from responsibility, it does not lie within the power of this court to issue a writ of prohibition restraining the action of the trial court or preventing further proceedings upon the petition of an entire stranger to the action, where no showing was made in the trial court, so far as the record informs us, that the petitioner had any right whatever to the moneys deposited with the clerk. It may be here stated that, so far as disclosed to us upon the papers and files herein, the petitioner's rights are not determined, because he was not a party to the proceeding in the court below and, therefore, any action of the clerk in turning over the money, would not relieve the clerk from responsibility to the petitioner, nor would the proceedings, as disclosed to us, estop the petitioner from bringing an action against the respondent, C. F. Belding, to establish his ownership and right to the moneys involved.

[2] In the case of *Deering & Co.* v. *Richardson-Kimball Co.,* 109 Cal. 73 [41 Pac. 801], the procedure necessary to invoke the power of this court is laid down, in so far as the respondent Belding and the petitioner Miller herein are concerned. In that case, one Lothian was a third party claiming an interest in the moneys held by the Los Angeles National Bank by virtue of garnishment process and became a party to the action by intervention. The bank was brought into the action by supplementary proceedings. An examination of the cashier of the bank was had and an order made directing the bank to turn over a certain sum of money to be applied in payment of a judgment held by the plaintiff against the defendant, Richardson-Kimball Company. Both Lothian, as intervener, and the bank, as a party to the supplementary proceedings, appealed. The action of the trial court was reversed and the cause remanded for further proceedings according to section 720 of the Code of Civil Procedure, providing for an action to determine the rights of the respective parties to the moneys involved. The following cases show that the trial court has no jurisdiction under section 720 of the Code of Civil Procedure to make any order for the turning over of the money where the title thereto is disputed, where the party examined denies the indebtedness or sets up the fact that there are other parties making claim thereto. In such cases the jurisdiction of the trial court is limited to authorizing the institution of actions to determine the right to the money or property, and provid-

ing for its retention by the party examined, or its impounding until the final adjudication of the rights of the respective parties to the fund. (*Parker* v. *Page and Hill,* 38 Cal. 522; *Hartman* v. *Olvera,* 51 Cal. 501; *Lewis* v. *Chamberlain and Morse,* 108 Cal. 525 [41 Pac. 413]; *Deering & Co.* v. *Richardson-Kimball Co.,* 109 Cal. 73 [41 Pac. 801].)

During all the time since the delivery of the check by W. H. Carlin, the attorney in the case of *Gordon and Pfister* v. *Luckehe,* the petitioner herein, if the owner of said money, has had the right to institute an action against all persons and against the respondent, C. F. Belding, to recover possession thereof. So far as the record shows, he still possesses that right. He has not been made a party to any proceeding in the trial court and has not sought to intervene in any proceeding, and it is simply axiomatic to state that his rights are not determined in actions to which he is not a party, all of which clearly establishes that this court has before it nothing upon which it can issue an order prohibiting further proceedings in an action or actions to which the petitioner is not a party, nor to which the record discloses that he has made any attempt to become a party.

The respondents herein appeared in this proceeding first by demurrer and then by answer, but as the demurrer was submitted together with an argument upon the merits, we have concluded to decide the cause upon the merits, rather than upon the respondent's demurrer to the petition herein, which, nevertheless, appears to be well taken. For the reasons herein stated, the writ prayed for is denied.

Finch, P. J., and Hart, J., concurred.