236 P.2d 464

OLDS BROS. LUMBER CO. et al. v. MARLEY et ux.

No. 5347.

Supreme Court of Arizona.

Oct. 16, 1951.

P. H. Brooks and C. D. McCauley, of Winslow, for appellants.

W. E. Ferguson, of Holbrook, for appellees.

394

DE CONCINI, Justice.

This action was filed in the trial court by plaintiff-appellant, Olds Brothers Lumber Co., to foreclose a mortgage upon realty owned by defendants below, Melvin Patch and wife, mortgagors. There were three other liens upon the same realty, the holders of which, The Valley National Bank, Babbitt Brothers Trading Co., and R. S. Marley and wife, were made defendants in the action. All of said liens were executed by defendant Patch in whom is vested the legal title to the realty involved.

The facts out of which this action arose are as follows: In 1942 Mrs. Marley and her son-in-law Melvin Patch were engaged in the grocery and produce business. Mr. Marley joined in the work of the business some time in 1942. In 1946 articles of co-partnership were executed and recorded showing a one-half interest in the Marleys and the other half in Patch. The partnership was known by the firm name of "Patch and Marley". On January 21, 1947, the three partners entered into an option agreement whereby the Marleys granted Patch a 30-day option to purchase their one-half interest in the partnership for $12,000, to be paid: $4,000 cash upon exercising the option; $2,000 within fifty days; $3,000 September 30th of that year; and $3,000 September 30, 1948; Patch to assume all partnership debts; etc. Patch exercised the option on February 19, 1947, paid the Marleys $4,000, and the Marleys delivered their deed to the partnership realty—the realty in question here—as provided by the option agreement. The final $3,000 payment has not been made to the Marleys, and it is for that payment that they claim a lien against the realty.

At the time the option agreement was executed the partnership firm was in financial distress and owed "numerous" creditors. Appellant was one such creditor. On October 20, 1947, Patch executed a promissory note in favor of appellant for some $3,000, the amount of the indebtedness the firm owed appellant, which had accrued from 1945 to 1947. The note was secured by a mortgage on the realty in question. It is that mortgage which appellant sought to foreclose in the trial court.

The contracts and mortgages involved were executed and recorded in the following order:

| Instrument | Dated | Recorded |
| --- | --- | --- |
| 1. Marley-Patch option agreement | Jan. 21, 1947 | Feb. 19, 1947 |
| 2. Mortgage to Valley Bank | Aug. 7, 1947 | Aug. 12, 1947 |
| 3. Mortgage to Olds Brothers | October, 1947 | Nov. 7, 1947 |
| 4. Mortgage to Babbitt Brothers | Nov. 19, 1947 | Nov. 22, 1947 |

The parties all stipulated the Valley National Bank mortgage was superior to all others. Babbitt Brothers stipulated that their mortgage was subsequent and inferior to Marleys' rights under the option agreement, except as to Marley's claim for a lien on the real estate for the value of the truck. The main question in this case is, Who has the superior lien, Marley appellees, or Olds Brothers appellants?

A second question arises by virtue of the fact that in the option contract the partners reserved and withheld from the purchase and sale a certain motor truck which was to be used and was so used by Marley and Patch in turn, and then delivered back to · Marley with transfer of title. The truck was delivered back to Marley but it was encumbered at the time and was subsequently repossessed by the finance company. Marley crossclaimed against Patch for $2,000 damages for a failure to deliver the truck with title as agreed.

The trial court, sitting with an advisory jury, rendered a judgment which found and adjudged, among other things, the contract lien of $3,000 of the Marleys to be prior and superior to the appellant's mortgage, and that the $2,000 claim of Marleys' was secured by a lien upon the realty in question and that said lien is prior and superior to appellant's mortgage. Appellant Olds Brothers appeal from that part of the judgment set out above. Appellant Babbitt Brothers appeal only from that part of the judgment which gives Marleys a lien on the real estate for $2,000, the value of the truck.

Appellant Olds Brothers make four assignments of error. The first three concern the trial court's finding Marleys' contract lien to be prior to appellant's mortgage. Appellant contends that as a matter of general law it's mortgage is prior to Marleys' lien, and cites 40 Am.Jur., Partnership, Sec. 409, to that effect: *"Priority of Creditors over Partners in Liquidation of Firm.* Before a division of the partnership assets among the partners, upon the dissolution of the partnership, all debts due, as a general rule, must be paid. A member of a partnership is not under ordinary conditions permitted to compete with the firm's creditors. * * *." That rule stems from the broader principle set out in 40 Am.Jur., Partnership, Sec. 404, to wit: "Generally.— The members of a partnership, as against one another have an equitable and, ordinarily, statutory right to have the partnership assets applied in liquidation of the partnership debts before any one of the partners or his individual creditors can claim any right or title to them, * * *." See annotation, 6 A.L.R. 160. Marley admits the rule but seeks to escape its effect by arguing that the indebtedness for which appellant is suing was incurred after the partnership was dissolved and the agreement of dissolution was recorded. While it is true that part of the indebtedness was. incurred after the dissolution agreement be-

tween the partners, and the recording thereof, yet that alone does not establish Marley's lien as superior to appellants' mortgage because the appellants were not notified of the dissolution. The general rule is stated in 68 C.J.S., Partnership, § 364: "As a general rule, a partnership continues as to third persons who deal with the members thereof as partners until due notice of dissolution is given, even though as between the partners the firm has been dissolved prior to such notice, especially as to persons who dealt with the firm or extended credit prior to the dissolution as between partners; or, as sometimes expressed, a partnership is presumed to continue as to third persons until notice of dissolution is given, * * . *." (And cases cited.)

In the case of Overlock v. Hazzard, 12 Ariz. 142, 100 P. 447, which was approved in Hyder v. Barton Hat Co., 29 Ariz. 380, 241 P. 959, this court said: "It is well settled that, where there has been a change in the membership of a partnership, to relieve a retiring partner from any liability for the debts of the partnership in the future, reasonable notice must be given to persons dealing with the partnership of such change. * * *" In that case the defendants were engaged in a partnership business. They then formed a corporation which took over that business. Although the articles of incorporation were published in the proper newspaper and duly recorded as prescribed by law, this court held that the plaintiff was not given reasonable no-

tice that the business was no longer of the nature of a partnership, and that the partners were still individually liable to the plaintiff who had done business with the defendants as a partnership. There is no statutory requirement for the recordation of dissolution of a partnership, and therefore such recordation is not constructive notice per se, 47 C.J., Partnership, § 600, 68 C.J.S., Partnership, § 268. Under the law of Hazzard and Hyder cases, supra, Marley cannot escape the general rule as set out above merely because the partnership dissolution had been recorded.

■ Appellant Olds Brothers next contends that the option contract between Patch and Marley is in itself sufficient to establish the priority of its mortgage. With this we agree. Only one paragraph of that contract need be set out, to wit: "It is expressly understood and agreed by and between the parties hereto that it will be necessary for the Optionee to refinance the now existing indebtedness against the real property which is now a part of the partnership assets so as to realize therefrom the payment to be made within fifty (50) days of date hereof in the event the option herein granted is exercised, and that it will be necessary for the Optionee to obtain finances by and through mortgage liens to pay current indebtedness of said partnership. *It is therefore expressly agreed that the Optionee shall have the right to hypothecate and mortgage* any and *all of the assets of said partnership* to an amount not

exceeding Twenty Thousand Dollars ($20,-000) exclusive of indebtedness now existing against the trucks and rolling equipment, * * * and that the Optionors shall have a lien on all partnership assets now existing or that shall be acquired in lieu of assets now existing until the full balance is paid as hereinabove set forth, with the right to foreclose the same as a mortgage, *but that said lien shall be subject and inferior to any mortgage liens which may be placed on said property by the Optionee in refinancing as above;*" (Emphasis supplied) Both appellants and appellees offer numerous rules of contract construction in advancing their respective positions; however, it is obvious to us that the contract is so explicit and unequivocal in its terms that no rules of construction are necessary in declaring its intendment. As can be seen from the portion quoted above, Marley expressly gives Patch the right to mortgage any and all of the partnership assets. Under the terms of the contract Marley agreed to have his lien made subject and inferior to any mortgage liens which may be subsequently placed on the realty by Patch. Nothing could be clearer. That such an agreement may be made, and binding upon the parties, is set out in 59 C.J.S., Mortgages, § 229: "The legal order of priority as between mortgages and other liens or claims may be fixed, reversed, or modified by an agreement of the parties or by a waiver or release on the part of the senior lienholder. * * *"

Appellees contend that the contract provides for superiority of any new liens by virtue of "refinancing" and not any mortgages for the benefit of firm creditors. We agree with that as between creditors, i.e., one creditor can't be preferred over the other, but as between creditors and the individual partners the creditors must come first. It is evident from the foregoing, then, that under the general law of partnerships and by virtue of the option contract appellant's mortgage lien is prior and superior to appellees' contract lien.

Appellants' fourth assignment of error, and the final question for our determination, is that part of the judgment of the trial court wherein appellees' crossclaim for the value of the truck, $2,000, is held to be a lien upon the realty and that such lien is prior to appellant's mortgage. That part of the option contract pertinent to the disposition of said truck is as follows: "* * * to the end that the Optionee shall be the sole owner of all of the assets of the partnership business of every kind and character except * * * one 1946 Ford Truck * * * and the Ford truck hereinabove mentioned shall, upon the last day of September, 1947, become the sole property of R. S. Marley, and that the said R. S. Marley shall, from the date of this agreement, have the use of said truck until the first day of May, 1947, and that thereafter said truck may be used in the business conducted by the Optionee in the business conducted by him, which is the subject

matter of this Agreement, until the 30th day of September, 1947 when the same shall be delivered to said R. S. Marley, together with the transfer of title thereto;" Appellees' claim that the truck was a part of the purchase price of the partnership assets and so under the terms of the contract appellees had a lien on the realty for its value. Appellants counter with the argument that at most appellees have an equitable lien and that such is not prior to appellant's legal mortgage lien. From the terms of the contract set out above, Marley was to receive possession and title to the truck on September 30, 1947. In other words, on that date Patch would transfer to Marley his partnership interest in the truck. In considering the contract, both in its entirety and to the part above quoted, it is clear that Patch's interest in the truck was to be given to Marley on September 30, 1947 as a part of the purchase price over and above the $12,000 for the assets of the partnership.

■ An examination of the option agreement fails to disclose that Marley was to be entitled to a lien for the value of the truck. At the time the agreement was entered into the truck had a mortgage on it, in an undisclosed amount, and at the time Patch redelivered the truck to Marley it had a mortgage on it in the sum of $700. There is nothing in the contract that indicates the parties intended that Marley would have a lien on the real estate for the value of the truck so therefore, no lien could exist. The general rule is to that effect. See 53 C.J.S., Liens, § 2b.

■ Appellees contend that "if a transaction resolves itself into a security, whatever may be its form and whatever name the parties may choose to give it, it is in equity a lien" and thereby claims an equitable lien on the real estate. However such reasoning cannot overcome the general rule of partnership as stated in the early part of this opinion, that a creditor of the partnership is first to be satisfied out of the assets in the partnership, and then if there is anything left the partners come next. Such a rule is good both in law and in equity.

The judgment is affirmed as to the priority of the Valley National Bank's mortgage, and as to the priority of the lien of Marleys for the sum of $3,000 over the mortgage of Babbitt Brothers; and the judgment is modified in that the Babbitt Brothers mortgage is superior to the lien of Marleys' for the value of the truck, to wit $2,000; and the judgment is further modified in that the Olds Brothers mortgage is superior and prior to the rights of all parties except the mortgage of the Valley National Bank. The case is remanded to the lower court for further proceedings not inconsistent with this opinion.

Judgment affirmed in part and modified in part.

UDALL, C. J., and STANFORD, PHELPS and LA PRADE, JJ., concur.