347 P.2d 35

Pearline PORTER and Pauline P. Leonard, Petitioners,

v.

Honorable R. C. STANFORD, Jr., Judge of the Superior Court, Maricopa County, State of Arizona, Respondent.

No. 6910.

Supreme Court of Arizona.

Dec. 2, 1959.

Beer, Seaman & Polley, Phoenix, for petitioners.

Wilson & Wilson, Phoenix, and Jerry Giesler, Beverly Hills, Cal., for respondent.

PHELPS, Chief Justice.

The petitioners, Pearline Porter and Pauline P. Leonard, seek a writ of prohibition to restrain the respondent court and the Honorable R. C. Stanford, Jr., one of the judges thereof, from enforcing an order for the payment of support money to Gladys E. Porter from the assets of property which petitioners allege to be partnership property. Following informal hearing alternative writ issued.

The facts are that on February 13, 1959, Gladys E. Porter commenced an action for separate maintenance against her nonresident husband, William Arnold Porter, in the superior court of Maricopa County. The complaint described the Arizona Hotel property and alleged that it was the community property of the parties. Part of the

relief asked by Mrs. Porter was that the court set aside a certain amount of the income from the Arizona Hotel to her for the support of herself and the minor children of the parties, and for the payment of attorneys' fees and court costs. Having perfected service upon her husband by publication, Mrs. Porter caused a writ of attachment to be levied by the sheriff upon the Arizona Hotel, February 17, 1959.

Thereafter, Pearline Porter and Pauline P. Leonard filed a motion to intervene, claiming an interest in the Arizona Hotel property. That motion being granted they filed their complaint in intervention February 25, 1959. By their complaint the petitioners (interveners Pearline Porter and Pauline P. Leonard hereafter referred to as petitioners) alleged that the Hotel property in question was not the community property of the Porters but was in fact the property of a partnership known as the Continental Hotel System; that William Arnold Porter was a copartner with them in that partnership; that Mrs. Porter's claim was not a claim against the partnership nor a claim against any specific partnership property; and that the attachment levied upon the property in question, therefore, did not create a valid lien in favor of Mrs. Porter. For relief, the petitioners asked that the attachment be removed and discharged.

By her answer to the petitioners' complaint filed March 31, 1959, Gladys Porter denied that any such partnership existed and alleged that the Arizona Hotel is not partnership property but the community property of herself and her husband; alleged that her attachment was lawful; and admitted that her claim is not against any partnership.

Thereafter, on April 14, 1959, the court upon the motion of Gladys Porter made and entered its order appointing one M. E. Eubank as receiver of the Arizona Hotel property with the powers and duties of taking charge of managing and conserving it. Mr. Eubank qualified, posted bond and became the receiver on April 24, 1959.

On April 24, 1959, the court issued an order to Mr. Eubank to appear on May 8, 1959, to show cause why he should not pay Gladys Porter $3,000 per month for her support and the support of the three minor children, together with $5,000 as attorneys' fees pendente lite from the Hotel's proceeds. May 6, 1959, interveners moved the court to quash the order to show cause.

A decree of separate maintenance was made and entered May 14, 1959. By such decree the court ordered and adjudged that Mrs. Porter is authorized to live separate and apart from her husband; that she receive $3,000 per month support and maintenance; that she have the care, custody, control and education of the minor children of the parties; that the attorneys' fees be fixed at $15,000; that she have a lien on all the community property for support under

a pendente lite order in the sum of $10,200, together with attorneys' fees in the sum of $5,000 and court costs pendente lite; that any community interest of the parties in the Arizona Hotel be charged with the payment of the support to plaintiff; that the lien for payments pendente lite is to affix to any community interest in the Arizona Hotel; that she is to receive $10,000 for attorneys' fees and costs expended in this action.

Petitioners' motion to quash having been denied, hearings on the order to show cause were held on the following dates respectively: May 15, 1959; May 28, 1959; June 12, 1959; June 19, 1959 and June 26, 1959. During the June 19th proceedings the court made an order the pertinent parts of which follow:

"Therefore, it is ordered that the interest of William Arnold Porter in the Arizona Hotel be charged with the payment of the support and maintenance of Gladys E. Porter, and the minor children, * * * and the payment of attorney's fees * * * as heretofore ordered by this Court, in the Decree of Separate Maintenance. * * * *It is further ordered that until the issue of whether the Plaintiff and Defendant are the sole owners of the Arizona Hotel, or are partners with the Interveners, Pearline Porter and Pauline P. Leonard, the Receiver, Mr. Eubank, shall pay to said Gladys E. Porter towards the support for herself and the minor children the sum of $1,000 per month * * * on the first day of each month, commencing on the first day of July, 1959, and on the first day of each month thereafter until a further Order of the Court.*" (Emphasis added.)

The petitioners assert two grounds upon which this court should issue a writ of prohibition against the trial court. First, that the court was without jurisdiction to issue the order to show cause to Mr. Eubank as receiver of the Arizona Hotel. And second, that the court acted in excess of its jurisdiction in ordering him to make the payments in question pending the determination of the ownership of the Hotel property.

Petitioners raise the question of the jurisdiction of the court to issue the order to show cause directed at the receiver of the Arizona Hotel property appointed by the court in the separate maintenance action in which Gladys E. Porter was plaintiff and William Arnold Porter was defendant, and in which petitioners intervened as parties plaintiffs. Suffice it to say that said order to show cause was entirely superfluous.

We said in Sawyer v. Ellis, 37 Ariz. 443, 448, 295 P. 322, 324, that

" * * * Generally speaking, he (the receiver) is not an agent of any of the parties, but is merely a minis-

406

terial officer of the court. He stands in an indifferent attitude, not representing either the owners of the insolvent estate or the creditors, but really representing the court in acting under its direction, for the benefit of all the parties in interest. The parties to the litigation have not the least authority over him, nor have they the right to determine what liability he may or may not incur; his authority is derived solely from the act of the court appointing him, and he is the subject of its order only. * * *" Citing authority.

The court in the above case held that the court in a bank liquidation case has substantially the same power over the receiver as it had over a receiver in the ordinary insolvency case. The court in the instant case after due hearing had, entered insofar as here pertinent, the following order:

"* * * It is further ordered that until the issue of whether the Plaintiff and Defendant are the sole owners of the Arizona Hotel, or are partners with the Interveners, Pearline Porter and Pauline P. Leonard, the Receiver, Mr. Eubank, shall pay to said Gladys E. Porter towards the support for herself and the minor children the sum of $1,000 per month * * * on the first day of each month, commencing on the first day of July, 1959, and on the first day of each month thereafter until a further Order of the Court."

■ It will be seen from what has been said above that the court had already fixed the sum of $3,000 per month for the support of Gladys E. Porter and the minor children of her and the defendant William Arnold Porter pendente lite, and for costs of court and attorneys fees of $5,000. It had jurisdiction of the parties and of the subject matter of the litigation and jurisdiction to enter an order in such amount as it deemed proper for their support pendente lite. The records show that several hearings were held pursuant to the order to show cause complained of above, and the amount was reduced to $1,000 as above shown.

The court likewise had jurisdiction to temporarily reduce the amount from $3,000 per month to $1,000 if the circumstances developed by the evidence warranted it. A.R.S. § 25–315 and A.R.S. § 25–321. It also had authority not only to order the husband to pay such amount pendente lite but it also had authority to direct a receiver of the community property to do so. Nichols v. Superior Court, 1 Cal.2d 589, 36 P.2d 380, 95 A.L.R. 894; Atkinson v. Superior Court, Cal.App., 310 P.2d 145, and Murray v. Murray, 115 Cal. 266, 47 P. 37, 37 L.R.A. 626.

■ The second contention of interveners is equally as untenable as the first.

The complaint of Gladys E. Porter v. William Arnold Porter is duly verified in the manner prescribed by statute and it alleges that plaintiff and defendant own as community property "Lots 1, 3 and 5 of Block 74, Original Townsite of Phoenix, according to the map and plat of record in the office of the County Recorder of Maricopa County, Arizona." This constitutes a legal description of the property upon which the Arizona Hotel is located. There was no answer to this complaint by defendant William Arnold Porter. The court in its decree found all of the material allegations of the complaint to be true. Therefore, insofar as he is concerned the issues therein determined are res judicata. The answer to petitioners' application for a writ of prohibition alleges that the deed of conveyance to this property to William A. Porter and Gladys E. Porter was recorded on July 9, 1948, in the office of the county recorder of Maricopa County, Arizona, in docket 241 at page 311 thereof. This allegation stands undenied. So far as the record before us is concerned there is no proof either that the property involved is not the community property of Gladys E. Porter and her husband or that it is the property of a partnership. The presumption that it is community property therefore obtains and will continue to prevail in favor of Gladys E. Porter until it is destroyed by evidence to the contrary.

The court had jurisdiction therefore both to fix her support at $3,000 and to reduce to $1,000 temporarily if it deemed such action proper.

The alternative writ of prohibition was improvidently issued and it is therefore ordered quashed.

STRUCKMEYER, UDALL, and BERNSTEIN, JJ., concurring.

JOHNSON, Justice (dissenting).

I am unable to agree with the decision of the majority and am firmly of the opinion that the result reached is contrary to the established law in this jurisdiction. First: As I view the majority opinion it is now the law in this state that individual creditors of members of a partnership can have the partnership assets applied in liquidation of their claims before an accounting is had of the partnership and before the creditors of the partnership are satisfied. Second: By virtue of the majority opinion it is now possible under A.R.S. § 25–321, to modify a final judgment without filing a petition seeking a modification, without service of process on the defendant and without the presentation of evidence showing a change in circumstances and conditions.

The majority decision correctly states the facts giving rise to this litigation, how-

ever, the record reveals additional facts which I believe are material to a correct answer to the problems involved and these will be set forth in discussing the various issues.

The majority opinion comes to the conclusion that the Arizona Hotel property is the community property of Gladys E. Porter and William Arnold Porter, because Gladys E. Porter in her complaint for separate maintenance alleged that the Arizona Hotel was community property and that the trial court in the final decree made a finding that "all of the allegations contained in the complaint are true." The decree is silent as to any specific finding or conclusion that the Arizona Hotel property is community property, and as a matter of fact the court apparently declined to make such a conclusion, for we find this language in the decree entered on the 14th day of May, 1959:

"* * * 5. That *any* community interest of the parties hereto in the Arizona Hotel, being Lots 1, 3 and 5 of Block 74, original townsite of Phoenix, according to the map of record in the office of the County Recorder of Maricopa County, Arizona, is hereby charged with payment of the support to the plaintiff, and that the lien hereinabove set forth is to affix to *any* community interest in the Arizona Hotel." (Emphasis supplied.)

I cannot agree with the majority that merely because the trial court made a finding in the final decree of separate maintenance that all the material allegations of the complaint were true that this constituted an adjudication of the property rights of the parties. Such a finding is not a judgment, but merely the foundation for the judgment. This well established general rule of law is plainly stated in Higley v. Kinsman, Iowa, 216 N.W. 673, 676, as follows:

"It is a well established rule that it is only the decretal portion of a decree that is binding and becomes res adjudicata. The recital of facts in a decree is usual and is proper, but the rights of the parties are adjudicated, not by the recital of facts, but solely by the decretal portion of the decree. It is this and this only that becomes the final judgment of the court, from which an appeal will lie." (Citing cases.)

The language used in Galiger v. McNulty, 80 Mont. 339, 260 P. 401, 403 is particularly pertinent on this matter: "A judgment does not reside in its recitals but in the mandatory portion of it." See also Holmes v. Holmes, 66 Wyo. 317, 211 P.2d 946.

I am therefore of the opinion that the trial court made no adjudication of the ownership of the Arizona Hotel, as the court's finding that "* * * all of the

allegations contained in the complaint are true * * *," was not followed by a corresponding provision in the decree that such property constituted community property of the parties.

Prior to the 14th day of May, 1959, when the decree of separate maintenance was entered the respondent court had issued an order to show cause to the receiver to appear and to show cause why he should not pay to Gladys E. Porter, the defendant in intervention, an amount for her support and the support of the minor children and also a sum for attorney's fees, from the Arizona Hotel. In response the petitioners herein filed their motion to quash the order to show cause upon the grounds that it would be improper for the court to require the receiver of the Arizona Hotel property to pay the funds requested from property entrusted to him as receiver until a legal determination had been made as to whether the hotel property is the property of the partnership or the community property of William Arnold Porter and his wife, Gladys E. Porter. The respondent court denied the motion to quash.

The hearings on the order to show cause began on May 15, 1959, *after the decree of separate maintenance had been entered* and continued at various times until the 26th day of June, 1959. During the hearing of June 19, 1959, the following proceedings were had:

"Mr. Francis Wilson: I would like to ask you to clarify, or set the date, for the hearing on the determination of the ownership of the hotel.

"The Court: That matter, I am going to make some temporary orders to take care of things until then, *but the matter as to ownership of the hotel is going to have to be tried out in the case in the main."* (Emphasis supplied.)

This language of the trial court made after the date of the decree of separate maintenance, shows beyond any question of a doubt that the court did not finally determine or decree that the Arizona Hotel was community property of the parties. How, then, when this question was not settled, can the majority decision hold that the decree of separate maintenance is res judicata as to the issue of the ownership of this property. This Court has stated in Manor v. Stevens, 61 Ariz. 511, 152 P.2d 133, 135, " * * * it is a fundamental precept of the law of res judicata that the questions raised by the issues, actually litigated and *determined by the judgment or decree,* are settled thereby, and the judgment or decree may be relied upon as an estoppel by any party against any other party * * *." (Emphasis supplied.)

At the conclusion of the hearing on the order to show cause on June 19, 1959, the court made the following orders:

"Therefore, it is ordered that the interest of William Arnold Porter in the Arizona Hotel be charged with the payment of the support and maintenance of Gladys E. Porter, and the minor children, in the sum of $300 per month, commencing May 15, 1959, and the payment of attorney's fees in the sum of $5,000, as heretofore ordered by this Court, in the decree of separate maintenance.

"Mr. Francis Wilson: You mean $3,000?

"The Court: Did I say, $3,000 for support money and $5,000 attorney's fees as set forth in the decree of separate maintenance. It is further ordered that until the issue of whether the plaintiff and defendant are the sole owners of the Arizona Hotel, or are partners with the interveners, Pearline Porter and Pauline P. Leonard, the receiver, Mr. Eubank, shall pay to said Gladys E. Porter towards the support for herself and the minor children the sum of $1,000 per month on the 15th day of each month, commencing June 15th —no, make it on the first day of each month, commencing on the first day of July, 1959, and on the first day of each month thereafter until a further order of the court."

The petitioners herein objected to the making of the above order upon the ground that the Court, by the making of the order, was indirectly ruling that the Arizona Hotel was the community property of William A. Porter and Gladys E. Porter, and not the property of a partnership of which the petitioners were partners and that the ruling was in effect deciding this question in a summary manner rather than in a trial of the issues created by the petitioners' complaint in intervention and the answer of the defendant in intervention.

I am of the opinion that the respondent court exceeded its jurisdiction in entering the order requiring the receiver to pay to Gladys E. Porter support money from the assets of the Arizona Hotel in view of the complaint in intervention and answer thereto which were then at issue. The trial court had no jurisdiction to summarily determine the question of the ownership of the hotel. The reason is, that to make such an order directing the application of the property claimed by Gladys E. Porter would in effect be to deprive the petitioners herein of their property upon a summary proceeding and without due process of law, Miller v. Gregory, 82 Cal.App. 634, 256 P. 431; Takahashi v. Kunishima, 34 Cal.App.2d 367, 93 P.2d 645; the trial court should have refrained from making any order requiring the receiver to make payments to Gladys E. Porter, until the ownership and title to the hotel property was tried upon the complaint in intervention and a judgment regularly entered which would bind the parties thereto.

It is further stated in the majority decision that " * * * The presumption that it (Arizona Hotel) is community property therefore obtains and will continue to prevail in favor of Gladys E. Porter until it is destroyed by evidence to the contrary." I am definitely of the opinion that whatever presumption prevailed in favor of Gladys E. Porter that the hotel property was community property completely disappeared "in the sunshine of actual facts," Seiler v. Whiting, 52 Ariz. 542, 84 P.2d 452, 455; for at the hearing of June 19, 1959, the respondent court admitted in evidence a lease executed by Gladys E. Porter, leasing space in the Arizona Hotel, the preamble of which recited that the lessors, William A. Porter, Gladys E. Porter, and the petitioners herein were partners; and as we said in the Seiler case " * * * The presumption, when the opposite party has produced prima facie evidence, has spent its force and served its purpose, and the party then, in whose favor the presumption operated, must meet his opponent's prima facie evidence with evidence, and not presumptions. * * *"

The net result of the majority opinion in upholding the action of the trial court in ordering the receiver to pay to Gladys E. Porter the sum of $1,000 per month for support of herself and minor children from the Arizona Hotel prior to an adjudication and a decree that such property was community property of William A. Porter and Gladys E. Porter, permits an individual creditor of a member of a partnership to have partnership property applied in liquidation of her claim before an accounting is had of the partnership and before the creditors of the partnership are satisfied.

Until an accounting is had it cannot be known what property will have to be used to satisfy the partnership creditors and what property will remain after the partnership creditors are satisfied which would be available for the satisfaction of creditors of the individual partners. Prior to that time a partner's interest in partnership property is subject neither to attachment or to levy under execution to satisfy a judgment against him individually as distinguished from a judgment based on a claim against the partnership itself. Sherwood v. Jackson, 121 Cal.App. 354, 8 P.2d 943.

This Court has decided in Olds Bros. Lumber Co. v. Marley, 72 Ariz. 392, 236 P. 2d 464, following the generally established rule, that members of a partnership have a right to have partnership assets applied in liquidation of partnership debts before any one of the partners or his individual creditors can claim any right or title to such assets.

I disagree with the statement in the majority opinion that the trial court had jurisdiction to temporarily reduce the amount of support money from $3,000 to $1,000 per month.

While this question was not raised by the pleadings in this court nor did the parties dispute the trial court's order reducing the amount of support money as provided in the decree of separate maintenance, nevertheless, the effect of the opinion of the majority is so contrary to our established principles of law that I feel constrained to take issue.

I concede that if Gladys E. Porter had petitioned the lower court for a modification of the decree of separate maintenance and had secured service, either personal or constructive, of said petition and notice of hearing, upon her husband, William A. Porter, then under the authority of A.R.S. § 25–321, after an appearance or default of her husband, and a hearing on the petition, the decree could be modified, assuming of course, that the court was satisfied from the evidence that there had been a change of circumstances and conditions since the entering of the original decree. Cone v. Righetti, 73 Ariz. 271, 240 P.2d 541, Burk v. Burk, 68 Ariz. 305, 205 P.2d 583 and Gotthelf v. Gotthelf, 38 Ariz. 369, 300 P. 186.

However, it appears from the record before this court that the respondent trial court, after the decree of separate maintenance had become final, and without any request or petition therefor and without any type of notice to or service upon the defendant husband, modified the judgment by reducing the amount of support money; entirely disregarding the provisions of A.R.S. § 25–321, which provides that " * * * on petition of either party * * * ", the final judgment may be modified. It is elementary that such final judgment cannot be modified without service of process, Article 2, Section 4, Arizona Constitution, A.R.S., and notice to the defendant, an opportunity to be heard and the presentation of evidence warranting a change in the original decree. None of these jurisdictional steps were taken—therefore the respondent trial court was completely without jurisdiction to modify the decree. McDonnell v. Southern Pacific Company, 79 Ariz. 10, 281 P.2d 792.

I would make permanent the writ of prohibition heretofore issued.