347 P.2d 28

George C. KEMBLE, Trustee, Petitioner,

v.

Honorable R. C. STANFORD, Jr., Judge of the Superior Court, Maricopa County, State of Arizona, Respondent.

No. 6911.

Supreme Court of Arizona.

Dec. 2, 1959.

Rehearing Denied Jan. 5, 1960.

Johnston & Gillenwater, Phoenix, for petitioner.

Wilson & Wilson, Phoenix, and Jerry Giesler, Beverly Hills, Cal., for respondent.

PHELPS, Chief Justice.

The petitioner, George C. Kemble, seeks a writ of prohibition to restrain the respondent court and the Honorable R. C. Stanford, Jr., one of the judges thereof, from enforcing one of its orders. This is a companion case to Cause No. 6910, Porter v. Stanford, —— Ariz. ——, 347 P.2d 35. The facts therein stated need not be repeated. Those stated in this case are intended to be supplementary in nature. The order which the petitioner, George C. Kemble, seeks to prohibit the superior court from enforcing is precisely the same as the one sought to be prohibited in the Porter case hereinabove referred to.

Unlike the petitioners in Cause No. 6910, petitioner Kemble did not intervene in the trial of the case in Maricopa County from which the order complained of issued. Instead, Mr. Kemble, as plaintiff, and the defendant, William Arnold Porter by his attorney Wesley E. Polley, appeared before the Superior Court of Cochise County. There, a judgment in the amount of $135,- 575.25 was procured against William Arnold Porter individually. Then an order was issued by that court charging the interest of the defendant in the Arizona Hotel property with the amount of that judgment, the theory being that the defendant was a copartner in a partnership which owned that property. The complaint, answer, judgment and charging order were all filed and procured on the 25th day of May, 1959. No notice of these proceedings was given to Gladys E. Porter or her attorneys. On the following day, May 26, 1959, the petitioner recorded a certified copy of his charging order in the office of the county recorder of Maricopa County.

By his petition in this court, Mr. Kemble takes the position that the lien which he acquired by reason of the charging order which issued from the Superior Court of Cochise County is superior to any lien which may have been created in favor of Gladys E. Porter by the respondent court of Maricopa County. The petitioner asserts that if the respondent court is not prohibited from enforcing the order complained of, he will be deprived of property without due process of law.

That the respondent court had jurisdiction to enter the order complained of has been dealt with in sufficient detail in Cause No. 6910, the companion case of the instant one. All that remains for us to decide is whether the petitioner, Mr. Kemble, has presented a question which would com-

394

pel our issuance of a writ of prohibition on his behalf.

■ Petitioner claims that his charging order is prior to any lien in favor of Gladys E. Porter in the Arizona Hotel. However meritorious this contention may be, it does not afford a basis for this court to issue the extraordinary writ herein sought.

■ The issue of whether the Arizona Hotel is the community property of Gladys E. Porter and William Arnold Porter or partnership property in so far as petitioner Kemble is concerned, remains to be determined by the respondent court. A superior court is a court of general and original jurisdiction and constitutes the proper forum for the determination of that question. We, therefore, feel the logical compulsion of suggesting that Mr. Kemble test his claim first at the trial level where the rights of certain persons in this very same property are being examined. Certainly it cannot be said that the respondent court can deprive Mr. Kemble of property without due process until he has submitted himself to the jurisdiction of that court and asked that his rights therein be adjudged.

As in the companion case Cause No. 6910, the alternative writ of prohibition being improvidently issued, it is hereby ordered quashed.

STRUCKMEYER, UDALL and BERN-STEIN, JJ., concur.

JOHNSON, Justice.

I respectfully dissent with the majority opinion for the reasons stated in my dissenting opinion in the companion case, Porter v. Stanford, —— Ariz. ——, 347 P.2d 38.

It is my opinion that the order issued by the respondent court requiring the receiver of the Arizona Hotel to make support payments to Gladys E. Porter from the property entrusted to the receiver prior to a determination of its status as community or partnership property is void; and therefore the charging lien issued by a court of competent jurisdiction takes priority.

I would make permanent the writ of prohibition heretofore issued.