403 P.2d 298

Pearline PORTER and Pauline P. Leonard, Appellants,

George C. Kemble, Appellant,

v.

Gladys E. PORTER, Appellee.*

1 CA–CIV 27.

Court of Appeals of Arizona.

June 21, 1965.

Rehearing Denied Sept. 2, 1965.

---

* This appeal was filed with the Arizona Supreme Court and assigned that Court's Number 7594. The matter was referred to this Court pursuant to Section 12–120.23 A.R.S.

Beer & Polley, by Wesley E. Polley, Phoenix, for appellants Pearline Porter and Pauline P. Leonard.

Kramer, Roche, Burch & Streich, by Charles L. Hardy, Phoenix, for appellant George C. Kemble.

W. Francis Wilson and Richard A. Wilson, Phoenix, for appellee Gladys E. Porter.

CAMERON, Judge.

This is an appeal by Pearline Porter and Pauline P. Leonard, appellants herein, intervenors below, and George Kemble, appellant herein, intervenor below, from a decision of the lower court in favor of Gladys E. Porter. Pearline Porter and Pauline P. Leonard are the twin sisters of Arnold Porter and will be referred to as the Porter sisters. The intervenor, George C. Kemble, will be referred to as Kemble. The facts so far as they are necessary for a determination of this appeal are as follows:

Gladys Porter and Arnold Porter were married in 1940, in Detroit, Michigan, and there are four children, the issue of said marriage. In 1943, Gladys Porter and Arnold Porter and the Porter sisters entered into a partnership agreement concerning the operation of the hotels owned by the parties. In August of that year, a warranty

deed conveying property in Phoenix, Arizona, described as the Arizona Hotel, was recorded in Maricopa County. The deed conveyed title to Arnold and Gladys Porter, husband and wife. The deed did not mention any interest of the Porter sisters.

At this time and thereafter, the marital home of Arnold and Gladys Porter was in Idaho. In December of 1958, Gladys Porter left Idaho to visit in California, and a few weeks later came to Phoenix. In February of 1959, Gladys Porter filed a complaint for separate maintenance in Maricopa County alleging that Arnold Porter was a resident of Idaho and that she was now a resident of Arizona. The complaint also alleged that the property described as the Arizona Hotel was community property. An attachment was issued which was levied upon the Arizona Hotel. The Porter sisters then intervened in the said action, claiming that the Arizona Hotel property was not community property, but that it was partnership property, and that they, the Porter sisters, owned a one-sixth interest each, or a total of one-third, in and to the property described as the Arizona Hotel. The wife petitioned for the appointment of a receiver, and also filed a counterclaim against the Porter sisters as intervenors, denying their allegation, and claiming again that the property was community. A receiver was appointed to run the hotel and later, on 14 May, 1959, a decree of separate maintenance in favor of Gladys Porter, the wife, against Arnold Porter was granted. Arnold Porter, the husband, had not been personally served in Arizona and did not appear in the action.

Thereafter, the intervenor, Kemble, filed a complaint in Cochise County for and on behalf of the Porter children, and against the husband and father, Arnold Porter. Judgment was entered against Arnold Porter in the amount of $135,575.23, on the same day the complaint was filed, 25 May, 1959. Also on the same day, an order was issued out of the Cochise County court charging the judgment against the Arizona property as a partnership. Gladys Porter was not a party to the action in Cochise County.

Also on 25 May, 1959, Arnold Porter filed a complaint for divorce against the wife, Gladys Porter, in the District Court of the State of Idaho, 18th Judicial District, County Kootenai. Back in Arizona, the Maricopa County Superior Court ordered that the receiver of the Arizona Hotel property pay to the wife, Gladys Porter, the amount of $1,000 per month for support of herself and the minor children until the issue of the ownership could be determined. The Porter sisters and Kemble immediately petitioned the Supreme Court of Arizona for writs of prohibition enjoining the Superior Court from enforcing this order. The alternative writs of prohibition were quashed in the case of Kemble v. Stanford, 86 Ariz. 392, 347 P.2d 28 (1959), and Porter v. Stanford, 86 Ariz. 402, 347 P.2d 35 (1959). As a result of the opinion in the case of Kemble v. Stanford, op. cit., Kemble moved to intervene in the Maricopa County Superior Court case, and the motion was granted. Certiorari to the U. S. Supreme Court was denied in the case of Porter v. Stanford, 371 U.S. 829, 83 S.Ct. 23, 9 L. Ed.2d 66 (1962).

While this matter was being determined by the Arizona Supreme Court, a writ of execution was issued in August, 1959, and at the resulting sheriff's sale, Gladys Porter purchased the interest of Arnold Porter in and to the Arizona Hotel property. In January and February of 1960, the Porter sisters and Kemble moved to vacate and set aside the execution sale, which was denied. The sheriff's deed conveying the Arizona Hotel property was given to Gladys Porter, and in April of 1960, Kemble moved to set aside the sheriff's deed. This motion was also denied and he appealed to the Arizona Supreme Court. The Arizona Supreme Court held in the case of Kemble v. Porter, 88 Ariz. 417, 357 P.2d 155 (1960) that the order denying the motion to set aside the execution sale was not an appealable order and therefore dismissed the appeal.

The scene now shifts back to the State of Idaho where the wife, in July of 1959, had filed an answer and counterclaim in the Idaho divorce action. The Porter sisters also intervened in the Idaho divorce action. Unlike the action in the Maricopa County Superior Court or the Cochise County Superior Court, the Idaho case found all of the parties to this action, including the husband, appearing and litigating the issues. On 28 December, 1960, after trial in the action, the findings of fact and conclusions of law of the Idaho divorce decree and the decree of divorce, were entered. The decree granted the divorce to Gladys Porter and divided the community property. Glad-ys Porter was required and did execute quit claim deeds, assignments and releases, of the Arizona Hotel property in Arizona. This portion of the decree in Idaho was appealed by Gladys Porter. The Idaho Supreme Court upheld the Idaho divorce decree in the case of Porter v. Porter, 84 Idaho 400, 373 P.2d 327 (1962).

In Arizona, Kemble and the Porter sisters filed a supplemental complaint in intervention, praying that the court give full faith and credit to the Idaho divorce decree. Pre-trial was held the 11th day of December, 1961, before the Honorable E. R. Thurman, and the pre-trial order contained the following notation:

" '2' Exemplified copy of Findings of Fact, Conclusions of Law in Idaho Case No. 18556–A     Admitted in Evidence

" '3' Exemplified copy of Judgment and Decree— Idaho Case No. 18556–A     Admitted in Evidence"

---

Trial before a jury commenced on 18 December, 1961; the only evidence presented was documentary evidence and no one testified. At the trial, exhibits "2" and "3" being exemplified copies of the findings of fact and conclusions of law and the judgment in the Idaho case were offered in evidence. The attorney for Mrs. Gladys Porter objected to the introduction of exhibits "2" and "3" and the transcript reflects a discussion concerning whether or not the exhibits had been admitted in evidence at the pretrial conference. The trial court sustained the objection to the admission of exhibits "2" and "3". The trial court did admit into evidence deeds signed by Gladys Porter conveying her interest in the Arizona Hotel property to Arnold Porter and the Porter sisters, as well as a release of judgment by which Gladys Porter released the decree of separate maintenance entered in the Maricopa County Superior Court on 14 May, 1959. Kemble and the Porter sis-ters rested, and Gladys E. Porter moved for a directed verdict which was granted by the court. The formal judgment was entered which provided:

"Wherefore, it is Ordered and Adjudged that plaintiffs in intervention George C. Kemble, Pauline Leonard and Pearline Porter take nothing by their actions and that defendant, Gladys E. Porter, have judgment against the plaintiffs in intervention and each of them for her costs incurred and expended herein, and that defendant have execution therefor against the property of the plaintiffs in intervention in each of them."

Motion for new trial was filed and denied, and the Porter sisters and Kemble bring this appeal. The receiver heretofore appointed in the separate maintenance action is still in possession of the Arizona Hotel property.

The basic question before this court is this: When real property is located in Arizona and in the possession of the Arizona Superior Court through a receiver, may the Arizona Superior Court refuse to give full faith and credit to a judgment of a court of general jurisdiction of a sister state (Idaho) adjudicating claims to the title of such property when all the parties claiming an interest in the Arizona property were before the Idaho court and submitted to the jurisdiction of the Idaho court.

■ Article 4, Section 1 of the Constitution of the United States reads as follows:

"Section 1. Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State. And the Congress may by general Laws prescribe the Manner in which such Acts, Records, and Proceedings shall be proved, and the Effect thereof."

Congress has enacted such legislation prescribing the manner in which these records may be proved and the legislation reads in part as follows:

"The records and judicial proceedings of any court of any such State, Territory or Possession, or copies thereof, shall be proved or admitted in other courts within the United States and its Territories and Possessions by the attestation of the clerk and seal of the court annexed, if a seal exists, together with a certificate of a judge of the court that the said attestation is in proper form.

"Such Acts, records and judicial proceedings or copies thereof, so authenticated, shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State, Territory or Possession from which they are taken." 28 U.S.C.A. § 1738.

We have examined exhibits "2" and "3", being the exemplified copy of the findings of fact and conclusions of law of the Idaho District Court, and the exemplified copy of judgment and decree in Idaho District Court and we find that they comply with the constitution and statutes thereof. We believe that it was error for the trial court to exclude such exhibits from evidence.

■ It should be noted that all of the parties involved were present and appeared in person and by counsel in the Idaho court. We hold that in the instant case the Arizona Superior Court must, under the full faith and credit clause of the United States Constitution and statutes enacted thereto, give full faith and credit to the decree of a sister state. This extends to land or real property situated within the jurisdiction of the Arizona court:

"We think, however, that where the court of a sister state, having jurisdiction of the person of the defendants and jurisdiction to bind their consciences, enters a decree ordering a conveyance of land located in Wisconsin, the findings of fact supporting such a decree must be given the effect of *res ajudicata*." Bailey v. Tully, 242 Wis. 226 at 233, 7 N.W.2d 837 at 840, 145 A.L.R. 578 (1943).

And:

"It is a settled doctrine that a court of equity, having acquired jurisdiction over the person of the defendant, has jurisdiction to enter any decree which may concern or affect lands situated in a foreign state to the same extent and as fully as though these were situated within the state where the court has its *situs*." Butterfield v. Nogales Copper Co., 9 Ariz. 212 at 216, 80 P. 345, at 347 (1905).

That there is a decree of separate maintenance in the Arizona court is not, in our opinion, binding upon the Idaho court where in the Arizona decree the husband was not subject to *in personam* jurisdiction and did not actively participate in that de-

cree. As was stated by the Idaho Supreme Court:

> "New York considered this question in Lynn v. Lynn, 302 N.Y. 193, 97 N.E.2d 748, [28 A.L.R.2d 1335]. In that case Mrs. Lynn in 1942 secured a separate maintenance decree which provided $85.00 per month for herself and child. In 1943 the husband commenced an action for divorce in Nevada wherein the wife appeared personally and by counsel. Upon trial of the cause the Nevada court entered a decree of divorce which recited the wife made no claim for alimony or support and which made no provision for support of the wife or child. The New York court held the Nevada divorce terminated support money obligations imposed by the prior New York judgment." Porter v. Porter, supra, 84 Idaho at 407-408, 373 P.2d at 331.

And:

> "Appellant, having submitted to the jurisdiction of the court and having submitted her interest in the community estate to the trial court for determination, is now bound by that determination." Porter v. Porter, 84 Idaho page 409, 373 P.2d page 332.

Gladys Porter, having submitted herself to the jurisdiction of the Idaho court, cannot now complain if the findings of fact, judgment and orders of that court are now binding upon her. The fact that title to the Arizona Hotel property was deeded away by her upon order of the Idaho court is of no avail. As has also been stated:

> "We are of the opinion that had a request been made the trial court would have had the authority to compel plaintiff to convey her interest, if any, in the real estate in question to defendant because at the time of the trial the court had jurisdiction over the parties. It could have enforced that judgment by proceedings in contempt. However, if plaintiff had failed to execute the deed in compliance with the order of

the court the judgment would have been inoperative as to conveying title to the property in Pennsylvania." Hoppe v. Hoppe, 181 Kan. 428 at 433, 312 P.2d 215 at 220 (1957).

In the instant case, Gladys Porter conveyed title to the property as requested by the court, and we feel that that is binding upon Gladys Porter. The United States Supreme Court recently discussed this matter in a case concerning land lying between Nebraska and Missouri. The Nebraska court litigated the matter and the losing party went to Missouri claiming that the land was located in the State of Missouri. The United States Supreme Court discussed the matter as follows:

> "With respect to questions of jurisdiction over the person, this principle was unambiguously established in Baldwin v. Iowa State Travelingmen's Ass'n, 283 U.S. 522, 51 S.Ct. 517, 75 L.Ed. 1244. There it was held that a federal court in Iowa must give binding effect to the judgment to a federal court in Missouri despite the claim that the original court did not have jurisdiction over the defendant's person, once it was shown to the court in Iowa that that question had been fully litigated in the Missouri forum. 'Public policy,' said the Court, 'dictates that there be an end of litigation; that those who have contested an issue shall be bound by the result of the contest; and that matters once tried shall be considered forever settled as between the parties. We see no reason why this doctrine should not apply in every case where one voluntarily appears, presents his case and is fully heard, and why he should not, in the absence of fraud, be thereafter concluded by the judgment of the tribunal to which he has submitted his cause.'" Durfee v. Duke, 375 U.S. 106 at 111, 84 S.Ct. 242 at 245, 11 L.Ed.2d 186 (1963).

> "In Treinies [Treinies v. Sunshine Mining Co., 308 U.S. 66, 60 S.Ct. 44, 84 L.Ed. 85], the rule was succinctly

stated: 'One trial of an issue is enough. "The principles of *res judicata* apply to questions of jurisdiction as well as to other issues," as well as to jurisdiction of the subject matter as of the parties.' " 375 U.S. 106 at 113, 84 S.Ct. at 246.

The court went on to say:

"While this Court has not before had occasion to consider the applicability of the rule * * * to a case involving real property, we can discern no reason why the rule should not be fully applicable." 375 U.S. 106 at 114, 84 S.Ct. 242 at 247.

■■■ Gladys Porter further contends that since the Arizona Hotel property is in the possession of the Maricopa County Superior Court through a duly appointed and acting receiver, that the Idaho court may not interfere with such possession, and that, therefore, it could not render a judgment in Idaho concerning the Arizona Hotel property. We will concede that the Idaho court may not interfere with property *in custodia legis* of the Maricopa County court. However, the Idaho judgment and decree did not interfere with the possession of the property by the Arizona court. The deeds executed and delivered by Gladys Porter pursuant to the Idaho judgment and decree, did not in any way interfere with the Arizona court's possession of the Arizona Hotel property, but the Idaho court, having jurisdiction over the parties, cannot be deprived of its right to adjudicate *in personam* rights between these parties, and we hold that the Idaho court having this jurisdiction over the parties, that the Arizona court, under the circumstances, must give full faith and credit to the Idaho decree when the Arizona court determines the interest of the parties in and to the Arizona Hotel property. As has been stated:

"It appears therefrom that, where one court of competent jurisdiction has taken possession of the *res* involved in an action filed in such court, no other court may interfere with such possession. * * * The rule, however, is limited to actions which deal either directly or potentially with specific property or debts, and, when a suit is strictly *in personam,* with nothing more than a personal judgment sought, there is no conflict with a prior action in another jurisdiction either before or after judgment, even though the same issues are to be tried and determined, the reason of course being that the second suit does not oust the jurisdiction of the court in which the first suit was brought, nor does it lead to a conflict of authority." Forst v. Intermountain B. & L. Ass'n, 49 Ariz. 246 at 253 and 254, 65 P.2d 1379 at 1382 (1937).

Also:

"Under the doctrine of res judicata an existing final judgment rendered upon the merits, without fault or collusion, by a court of competent jurisdiction, is conclusive as to every point decided therein, and also as to every point raised by the record which could have been decided, with respect to the parties or their privies, Hoff v. City of Mesa, 86 Ariz. 259, 344 P.2d 1013 (1959). Moreover, if two actions involving the same issues and parties are pending at the same time, when a judgment in one becomes final it may be raised in bar of the other, regardless of which action was begun first. (Citations omitted.)" Day v. Wiswall's Estate, 93 Ariz. 400 at 402, 381 P.2d 217 at 219 (1963).

For reasons stated herein, the matter is hereby reversed and remanded to the trial court for proceedings not inconsistent with this opinion.

STEVENS, C. J., and DONOFRIO, J., concurring.