373 P.2d 327

**W. A. PORTER, Plaintiff, Cross-Defendant and Respondent,**

v.

**Gladys PORTER, Defendant, Cross-Complainant and Appellant.**

**Pearline PORTER and Pauline Porter Leonard, Plaintiffs in Intervention and Respondents,**

v.

**W. A. PORTER, Defendant in Intervention and Respondent,**

and

**Gladys Porter, Defendant in Intervention and Appellant.**

No. 9044.

Supreme Court of Idaho.

July 12, 1962.

Ariz., Givens, O'Leary, Doane & Givens, Boise, for appellant.

E. L. Miller, Hawkins & Miller, Coeur d'Alene, for respondent.

J. Ward Arney & Pat W. Arney, Coeur d'Alene, for intervenors.

Jerry Giesler, Beverly Hills, Cal. (since deceased); Wilson & Wilson, Phoenix,

McQUADE, Justice.

This appeal is before this Court upon the judgment roll only. Therein it appears that the trial court entered findings of fact and conclusions of law after having considered oral and documentary evidence. In keeping with the findings of facts and conclusions of law, a decree was entered, from a portion of which this appeal had been taken.

That portion of the decree from which the defendant-appellant takes this appeal is section 17 thereof:

"It is further ORDERED, ADJUDGED AND DECREED that the defendant shall dismiss any and all proceedings by her maintained against the plaintiff or intervenors, and either of them, in the State of Arizona, including the removal of any and all receivers affecting and properties designated herein as the Arizona Hotel, and that she shall be and is hereby enjoined from maintaining, prosecuting or instituting any action against the plaintiff or intervenors affecting those properties known as the Arizona Hotel from date hereof, and shall further release any judgment or judgments which she has obtained against or affecting said properties known as the Arizona Hotel which she may have acquired."

A motion to dismiss the appeal was made by respondents on the following ground:

"* * * that it is an attempted partial appeal from a portion of a judgment which portion is not inde-

pendent, separate and distinct from the entire Judgment."

Appellant's single assignment of error is as follows:

"The court erred in enjoining appellant from maintaining or instituting any action or from receiving the benefits of any judgment previously obtained against or affecting the property known as the Arizona Hotel."

An appeal may be taken from a portion of a judgment by virtue of statutory authorization. I.C. § 13–202. This Court, in Stearns v. Strom, 68 Idaho 392, 195 P.2d 337, applied the rule from 8 Bancroft's Code Practice, sec. 6267, p. 8325, at p. 8326, relating to separability of a judgment as applied to our statute:

" 'The rule, however, is subject to the limitation that the part of a judgment from which an appeal is taken must be separable from the remainder, or, in other words, the part whereby the appellant is aggrieved must be so far distant and independent that it may be adjudicated on appeal without bringing up for review the entire judgment or order. Unless the part of the judgment appealed from is separate and distinct from the other issues with which the judgment deals, there is an objection in limine in that the statute directs the appellate court to affirm, modify or reverse the judgment of the

trial court, or to order a new trial, and this provision cannot be obeyed while a portion of the case remains in the trial court; in such case, therefore, an appeal from part of the judgment will be dismissed. * * * ' "

■ Appellant contends that the restriction is in excess of the courts equity powers and wrongfully restricts her right to enforce the Idaho judgment in Arizona by the usual proceedings on execution. Considered solely as a jurisdictional question we conclude that the appeal taken from only a portion of the judgment is severable from the remainder, although it is closely related to the trial court's division of community property. The respondents motion to dismiss the appeal is therefore denied.

There being no transcript of the proceedings, it is necessary to set forth appropriate portions of the trial court's findings of fact:

"Plaintiff and defendant are husband and wife, having been intermarried on June 1, 1940, at Detroit, Michigan.

"As issue of the marriage of plaintiff and defendant, there have been born four children, three of which children are now minors, to-wit:

WILLIAM A. PORTER, Jr., age 17, RICHARD PORTER, age 14, and TOM CLARK PORTER, age 4.

"The intervenors are sisters of plaintiff and are residents of the State of California.

"All parties have appeared generally herein and have sought affirmative relief from the court herein.

"The minor children, issue of the marriage of plaintiff and defendant, as in Finding No. III found, have been, during said proceeding, within the State of Idaho, and subject to the orders of this court. The court finds that it has personal jurisdiction of all parties to this proceeding and personal jurisdiction of the three minor children of the plaintiff and defendant.

"The plaintiff and defendant were residents of Kootenai County, State of Idaho, residing at Hayden Lake, Idaho, with their family, until December, 1958, at which time the defendant left the marital home. The plaintiff has been continuously a resident of the State of Idaho throughout, until time of trial.

"Prior to the marriage of plaintiff and defendant, and during the marriage, the plaintiff, intervenors, and a half-brother of plaintiff and intervenors, Andy Rickett, were engaged in the hotel business, owning and operating hotels in various states under corporate and partnership ownerships. That one of the partnership ownerships were styled Rickett Hotel System, a copartnership, which, in 1948, changed the name from Rickett Hotel System to Continental Hotel System, a copartnership.

"Ownership of stock in the various corporations except for qualifying shares, were held equally by the community of the plaintiff and defendant, the intervenors and Andy Rickett, the half-brother. The partnership interest in the Rickett Hotel System and as succeeded by the Continental Hotel System, a copartnership, was likewise equally held by the community of the plaintiff and defendant, with the intervenors and Andy Rickett. In 1948 Andy Rickett sold his interest in all stock in the corporations and the partnership interest in the Rickett Hotel *Hotel* System, or the Continental Hotel System, a copartnership, to the community of the plaintiff and defendant, and thereafter the interest of the community of plaintiff and defendant in and to the Continental Hotel System, a co-partnership, was a ⅔ partnership interest, and the intervenors each held a ⅙ partnership interest in and to the Continental Hotels System, a co-partnership.

"All stock held by the plaintiff and defendant in the various corporations is community property. The ⅔ partnership interest owned by plaintiff and

defendant in the Continental Hotels System, a co-partnership, is community property.

"The court finds that the Arizona Hotel, described as follows, to-wit:

\* \* \* \* \* \*

is owned by the Continental Hotels System, a co-partnership, and even though the deed to said properties was taken in the names of plaintiff and defendant herein, said properties were purchased with funds belonging to the partnership known as the Continental Hotel System. All takes and expenses paid thereon were paid by the co-partnership of the Continental Hotel System, and said Arizona Hotel and its allied properties were at all times carried upon the books and records of the co-partnership as an asset thereof.

"The defendant left the marital home of the plaintiff and defendant in Hayden Lake, Idaho, in December of 1958, and thereafter instituted an action in the State of Arizona seeking decree of separate maintenance. The plaintiff was not personally served in that action within the State of Arizona, nor did the plaintiff appear therein. The decree of separate maintenance of the State of Arizona, awarded the defendant money judgment, which the defendant has sought to enforce herein by way of affirmative defense and counter-claim.

"Plaintiff has failed to prove that the defendant was guilty of mental cruelty and the court finds that the plaintiff is not entitled to a divorce by way of his complaint.

"The court further finds that plaintiff has been guilty of conduct toward the defendant causing defendant grievous mental suffering, and that defendant is therefore entitled to a divorce from said plaintiff.

" \* \* \* The court finds that the plaintiff made a gift of said Hayden Lake home unto the defendant, of any community interest he had in and to said property \* \* \* ".

\* \* \* \* \* \*

"The court finds that the defendant is a fit and proper person to have the care, custody and control of Tom Clark Porter, age 4, subject to the right of reasonable visitation by the plaintiff herein, and that the plaintiff shall pay unto the defendant for the care, support and maintenance and education of said minor child, the sum of $200.00 per month.

"The court finds that the plaintiff is a fit and proper person to have the care, custody and control of William A. Porter, Jr., age 17, and Richard Porter,

age 14, subject to the rights of reasonable visitation by the defendant.

"The court finds that the defendant is entitled and shall be awarded, in addition to her sole and separate properties heretofore found, the following described community property, as her sole and separate property, free and clear of any claim of the plaintiff:

"1. All household furniture located and within the Hayden Lake Home, as heretofore found and described.

"2. One 1953 Oldsmobile automobile in her possession.

"3. All clothing, personal effects and jewelry of Gladys E. Porter, the defendant.

"4. All stock owned by the community of W. A. Porter and Gladys E. Porter, in and to the Rickett Hotels, Inc., the Continental System of America, Inc., free and clear of any claims of W. A. Porter.

"5. Four Occidental Life Insurance policies.

"6. All monies due and remaining from the sale of the Boundary County property.

"The court finds that the plaintiff is entitled to have as his sole and separate property, free and clear of any claim of the defendant, subject to the rights of the intervenors, the following described property:

"All right, title, interest and equity that the community of Gladys E. Porter and W. A. Porter had in and to the Continental Hotels System, a co-partnership, being a ⅔ interest in and to said co-partnership. The intervenors own and hold a ⅙ interest each in and to said Continental Hotels System, a co-partnership.

"The plaintiff shall further have as his sole separate property, the following described assets:

"1. One 1959 Cadillac automobile.

"2. His personal effects, including guns, fishing equipment and sports equipment.

"3. All other remaining community property of the plaintiff and defendant not specifically awarded unto the defendant herein.

"The court finds that the interest of Pauline Porter Leonard and Pearline Porter in and to the Continental Hotels System, a co-partnership, formerly the Rickett Hotel System, is a bona fide partnership interest therein, having been purchased and acquired by them by the contribution of capital assets in the early formation of said hotel enterprise. The Court further finds that at

all·times partnership tax returns have been filed with both the Federal and State governments and that the interest of the intervenors has at all times been so declared by the records, books and files of said co-partnership.

"The court further finds that Pauline Porter Leonard and Pearline Porter were not merely nominal partners or employees of said partnership, but that their interest originated in the beginning of such hotel enterprise and that they have held and now hold stock interest in various corporations to the same extent as their ownership exists in and to the Continental Hotels System, a co-partnership.

"The court finds that the plaintiff is able to pay and that the defendant is entitled to receive the sum of $1200.00 per month as alimony.

"The court finds that the defendant has, by virtue of her actions in the State of Arizona, initiated receivership proceedings as against that property heretofore found and denominated as the Arizona Hotel, belonging to the Continental Hotels System, a co-partnership, and that the defendant shall dismiss all proceedings in the State of Arizona including the removal of the receivership affecting that property denominated as the Arizona Hotel, and

that the intervenors should dismiss any and all proceedings or suits they have initiated within the State of Arizona arising out of or in any way affecting that property designated as the Arizona Hotel.

"The court finds that the plaintiff and defendant should transfer by deed unto the intervenors a one-sixth interest each in and to all properties belonging to the Continental Hotels System, a co-partnership, but standing in the name of W. A. Porter and Gladys E. Porter. The court further finds that W. A. Porter and Gladys E. Porter, are trustees for said properties designated as the Arizona Hotel, standing in their names, for the use and benefit of the co-partnership, the Continental Hotels System."

Appellant argues that she is not contesting award of alimony, nor division of community property, but instead is questioning the trial court's restrictions placed upon the enforceability of a judgment. Appellant denies the trial court's jurisdictional authority to enter a judgment which bears upon the enforceability of the judgment in a sister state.

New York considered this question in Lynn v. Lynn, 302 N.Y. 193, 97 N.E.2d 748. In that case Mrs. Lynn in 1942 secured a separate maintenance decree which provid-

ed $85.00 per month for herself and child. In 1943 the husband commenced an action for divorce in Nevada wherein the wife appeared personally and by counsel. Upon trial of the cause the Nevada court entered a decree of divorce which recited the wife made no claim for alimony or support and which made no provision for support of the wife or child. The New York court held the Nevada divorce terminated support money obligations imposed by the prior New York judgment.

The question here advances one step further than termination of a separate maintenance decree. This concerns the fundamental authority of the trial court to divide community property and, in apportionment thereof, to prohibit one of the parties from enforcing a pre-existing judgment against that share of the community awarded to the other spouse.

Ohio, in Gilbert v. Gilbert, 83 Ohio State 265, 94 N.E. 421, 35 L.R.A.,N.S., 521, disposed of a similar problem. In that case, the wife had secured an award for support money in Ohio and several years thereafter appeared in person in a South Dakota divorce action where property rights were considered and concluded. Subsequently, the wife brought an action in Ohio to enforce her rights under the Ohio order. The Ohio court reasoned that the wife had submitted all her rights under the support money order and any other claims or de-

mands to the South Dakota court, and had become estopped again to assert any right she might have had under the original Ohio decree which was determined by the South Dakota court.

Although appellant was a resident of Arizona she submitted to the jurisdiction of the Idaho Court for determination of her rights. This factor was fundamental in the Lynn case, supra, wherein it was said: "The additional factor present in this case operated to give the Nevada court jurisdiction of the wife's person and, by that token, vested the tribunal with power to adjudicate the wife's right of support as well as the parties' marital status. That being so, our conclusion is here compelled by command of the full faith and credit clause, for, as the Supreme Court had recently declared, Sherrer v. Sherrer, supra, 334 U.S. 343, 355, 68 S.Ct. 1087, 1093 [92 L.Ed. 1429], 'If in its application local policy must at times be required to give way, such "is part of the price of our federal system." Williams v. North Carolina, 1942, 317 U.S. 287, 302, 63 S.Ct. 207, 215 [87 L.Ed. 279].' "

Appellant in arguing this case advances the theory that the trial court tried the title to the Arizona property. We do not agree with such reasoning as it appears the court was computing and dividing the community debts and assets pursuant to in personam jurisdiction of the parties.

Paragraph 17 of the judgment makes specific reference to these matters. Appellant, having submitted to the jurisdiction of the court and having submitted her interest in the community estate to the trial court for determination, is now bound by that determination. No appeal was taken by appellant from the distribution of the community estate as allocated by the district court.

Section 17 of the judgment enjoins the appellant "from maintaining, prosecuting or instituting any action against the plaintiff or intervenors affecting those properties known as Arizona Hotel from date hereof." This enjoinder will prevent appellant from exercising any rights which she may have outside the present action and to all rights which may enure to her in the future by virtue of this decree or otherwise.

Appellant should not be precluded from enforcing her rights under this decree in this state or any other state providing she has fulfilled her obligations as provided therein. To this extent the trial court is directed to amend its decree.

The Judgment is modified and as modified is hereby affirmed.

Costs to respondent.

SMITH, C. J., TAYLOR and McFADDEN, JJ., and YOUNG, D. J., concur.